AO 242 (12/11) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

RECEIVED
BY MAIL
FEB 03 2025
CLERK
U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

# UNITED STATES DISTRICT COURT
for the

Jose Osorio-Calderon
*Petitioner*

v.

Warden FCI Sandstone
*Respondent*
*(name of warden or authorized person having custody of petitioner)*

Case No. 25-cv-00398-LMP-DLM
*(Supplied by Clerk of Court)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Personal Information

1. (a) Your full name: Jose Osorio-Calderon
   (b) Other names you have used: ______
2. Place of confinement:
   (a) Name of institution: FCI Sandstone
   (b) Address: P.O. Box 1000
   Sandstone, MN 55072
   (c) Your identification number: 49425-069
3. Are you currently being held on orders by:
   ☒ Federal authorities ☐ State authorities ☐ Other - explain:
4. Are you currently:
   ☐ A pretrial detainee (waiting for trial on criminal charges)
   ☒ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime
   If you are currently serving a sentence, provide:
   (a) Name and location of court that sentenced you: Puerto Rico, by Judge Garcia-Gregory
   (b) Docket number of criminal case: 3:16-CR-00621-001
   (c) Date of sentencing: January 30, 2018
   ☐ Being held on an immigration charge
   ☐ Other *(explain)*:

SCANNED
FEB 03 2025
U.S. DISTRICT COURT MPLS

## Decision or Action You Are Challenging

5. What are you challenging in this petition:

☒ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

☐ Pretrial detention

☐ Immigration detention

☐ Detainer

☐ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory maximum or improperly calculated under the sentencing guidelines)

☐ Disciplinary proceedings

☐ Other *(explain)*:

6. Provide more information about the decision or action you are challenging:

(a) Name and location of the agency or court: FCI Sandstone - Bureau of Prisons Sandstone, MN 55072

(b) Docket number, case number, or opinion number:

(c) Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*: Unlawfully detaining Petitioner past his "shall" transfer to prerelease custody date mandated under the First Step Act, "specifically" 18 U.S.C. § 3632(d)(4)(C)

(d) Date of the decision or action: ongoing

## Your Earlier Challenges of the Decision or Action

7. **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

☒ Yes ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: Federal Bureau of Prisons "BP-9" (see Exhibit 2(b)) appealing informal "BP-8" decision (see Exhibit 2(a))

(2) Date of filing: August 23, 2024

(3) Docket number, case number, or opinion number: N/A

(4) Result: Expedited transfer from carceral custody denied due to offense

(5) Date of result: September 4, 2024

(6) Issues raised: Requested immediate placement in prerelease custody out of carceral custody based on transfer date currently being months from estimated "shall transfer date" of mid-September of 2024.

(b) If you answered "No," explain why you did not appeal:

8. **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

☒ Yes ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: Andre Matevousian, Regional Director, "BP-10" (see Exhibit 2(c))

(2) Date of filing: September 13, 2024

(3) Docket number, case number, or opinion number: 1210277-R1

(4) Result: Denied due to current offense not qualifying for prerelease

(5) Date of result: September 23, 2024

(6) Issues raised: Same as BP-8, BOP is not using all venues for prerelease custody. See BP-10 form (Exhibit 2(c)) for details

(b) If you answered "No," explain why you did not file a second appeal:

9. **Third appeal**

After the second appeal, did you file a third appeal to a higher authority, agency, or court?

☒ Yes ☐ No

(a) If "Yes," provide:

(1) Name of the authority, agency, or court: Timothy Barnett, Administrator National Inmate Appeals, "BP-11" See (Exhibit 2(d))

(2) Date of filing: October 28, 2024

(3) Docket number, case number, or opinion number: 1210277-A1

(4) Result: Denied, "no inmate is entitled to" RRC placement or any duration.

(5) Date of result: November 5, 2024

(6) Issues raised: Same as BP-10, responding to reason of denial due to the location of (an outdated) address and "the current offense"

(b) If you answered "No," explain why you did not file a third appeal:

10. **Motion under 28 U.S.C. § 2255**

In this petition, are you challenging the validity of your conviction or sentence as imposed?

☐ Yes ☒ No

If "Yes," answer the following:

(a) Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

☐ Yes ☐ No

If "Yes," provide:

(1) Name of court:

(2) Case number:

(3) Date of filing:

(4) Result:

(5) Date of result:

(6) Issues raised:

(b) Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

☐ Yes ☐ No

If "Yes," provide:

(1) Name of court:

(2) Case number:

(3) Date of filing:

(4) Result:

(5) Date of result:

(6) Issues raised:

(c) Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: ____________

11. **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☐ Yes ☒ No

If "Yes," provide:

(a) Date you were taken into immigration custody: ____________

(b) Date of the removal or reinstatement order: ____________

(c) Did you file an appeal with the Board of Immigration Appeals?

☐ Yes ☐ No

If "Yes," provide:

(1) Date of filing: ____________

(2) Case number: ____________

(3) Result: ____________

(4) Date of result: ____________

(5) Issues raised: ____________

(d) Did you appeal the decision to the United States Court of Appeals?

☐ Yes ☐ No

If "Yes," provide:

(1) Name of court: ____________

(2) Date of filing: ____________

(3) Case number: ____________

(4) Result: ______

(5) Date of result: ______

(6) Issues raised: ______

12. **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

☐ Yes ☒ No

If "Yes," provide:

(a) Kind of petition, motion, or application: ______

(b) Name of the authority, agency, or court: ______

(c) Date of filing: ______

(d) Docket number, case number, or opinion number: ______

(e) Result: ______

(f) Date of result: ______

(g) Issues raised: ______

**Grounds for Your Challenge in This Petition**

13. State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

**GROUND ONE:** Per 18 U.S.C. § 3632(d)(4)( )(i) and (C), I am being held illegally past my shall transfer to prerelease custody date, a violation of my statutory rights.

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

See Continuation Page

(b) Did you present Ground One in all appeals that were available to you?

❒ Yes ❒ No

**GROUND TWO:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Two in all appeals that were available to you?

❒ Yes ❒ No

**GROUND THREE:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Three in all appeals that were available to you?

❒ Yes ❒ No

1. The BOP is claiming, pursuant their November 2, 2024 official report, that Petitioner should be transferred to prerelease custody pursuant to the First Step Act (2018)(FSA) on or before, but no later than, September 16, 2024. See Exhibit 3, an accurate copy of the original November 2, 2024 "FSA Time Credit Assessment Analysis," Appendix of Exhibits (App.) at 15.

2. The BOP generated report (Exhibit 3, App. at 15) indicates September 16, 2024, is a "conditional" placement date. Based on information and belief, as well as a review of the controlling statute and regulation, the required "conditions" are based on Petitioner's: continuing good behavior; compliance with rules and regulations; and continued programming as available and approved. "Conditional" does not include such things as: "available bed space"; unit team's "professional judgement"; or the decisions of BOP Regional or Central Offices. In other words, it is tied only to Petitioner's behavior and choices (e.g. the letter and spirit of FSA), not the unbridaled discretion of the BOP.

3. Congress mandated the BOP to "ensure" sufficient prerelease custody capacity to accomodate all FSA eligible prisoners needs. 18 U.S.C. § 3624(g)(11).

4. There is a quantum difference between carceral and prerelease custody. Congress statutorily mandated that Petitioner receive a quantum change in his level of custody, if he met the specific requirements set out in 18 U.S.C. § 3632(d)(4). As established above, Petitioner met those requirements and per the attached BOP reports, the BOP has administratively admitted he has met those requirements. See Exhibit 3; Exhibit 4(a), an accurate copy of the original July 8, 2024 Sentence Computation, App. 16-18; and Exhibit 4(b), an accurate copy of the original March 13, 2024 Team Report (redacted), App. at 19-22.

5. The BOP has (and had) ample resources to ensure they meet their obligations imposed under §3624(g)(11) to ensure enough capacity for Petitioner (and others) to receive maximum benefit for his efforts to rehabilitate, as Congress intended. There should not be refusal to consider Petitioner's alternate release address that meets all the requirements for his placement in prerelease custody. See Exhibit 2(d), App. at 10-11.

6. Petitioner currently has a preapproved home confinement release address. There is no penological reason he cannot be immediately transferred to the home confinement address.

7. The statutory text of §3632(d)(4)(C) is clear and unambiguous, requiring no agency interpretation.

8. The DOJ regulation (and subsequent BoP policies, P.S. 5410.01, Chapters 6 and 10) does not match the statute, nor are there any gaps in the statute that require "filling in," by the Agency.

9. Further, Chevron (467 U.S. 837 (1984)) based deference post Loper (144 S. Ct. 2244 (2024)) is either inapplicable due to distinguishable facts, or must be reexamined to see if the deference is still warranted. See Loper Slip. Op. at 34.

10. Petitioner has a Due Process Right in the statutorily mandated "shall release date" of or by September 16, 2024. For every day Petitioner continues to meet the performance requirements of the FSA, the BOP (by continuing his carceral custody) is planning to or is violating Petitioner's Due Process Right to a quantum change in his custody level from incarceration to prerelease custody.

11. The unconstitutional overreach of the DoJ, and subsequent illegal actions by the BoP, in keeping Petitioner in carceral custody (not transferring him to prerelease custody) is harming Petitioner's reintegration success, his ability to reconnect, and not allowing him to be productive in supporting himself and his family.

12. Congress provided the statutory authority (under 18 U.S.C. § 3624 (g)(7) and (8) for the BOP to seek (with U.S. Probation Services) alternative methods of prerelease custody, besides the traditional BOP (or BOP contractor) supervised halfway house or home confinement options. Based on information and belief the Agency has willfully failed to do so.

13. Petitioner has afforded the BOP an alternate release address that meets all the criteria to allow Petitioner to be placed in prerelease custody. The BOP has refused to act on this address and instead stated "No inmate is entitled to either RRC placement or placement of a particular duration." See BP-11 Response, Exhibit 2(d), App. at 12. Petitioner has earned 665 days of FTC towards prerelease in addition to his 365 days of FTC applied to his release. See Exhibit 3, App. at 13. Petitioner's statutory rights have, and are, continuously being harmed every day Petitioner is held in carceral custody past his September 16, 2024 conditional placement date.

Pursuant FRCP 15(c), Petitioner reserves the right to amend, add, subtract any and all claims/allegations made in this petition that arose/may arise from the conduct, transaction, or occurrence of the Petitioner's circumstances and/or similar circumstances of other petitioners whose claims/allegations are in line, support, expound on the Petitioner's own claims/allegations filed in this petition.

**GROUND FOUR:**

(a) Supporting facts *(Be brief. Do not cite cases or law.)*:

(b) Did you present Ground Four in all appeals that were available to you?

☐ Yes ☐ No

14. If there are any grounds that you did not present in all appeals that were available to you, explain why you did not: Any further appeals are futile because: (a) exhaustion is not required for matters of statutory interpretation, see Gurzi v. Marques, No. 18-CV-3104 (NEB/KMM), 2019 U.S. Dist. LEXIS 208173, 2019 WL 6481212 at *2 (D. MN. 2019), adopted 2019 U.S. (See Continuation Page)

**Request for Relief**

15. State exactly what you want the court to do: Petitioner respectfully requests this Court to provide the following relief: 1) ORDER BOP to work directly with U.S. Probation to approve or disprove release address; 2) Pursuant to 18 U.S.C. § 3632(d)(4)(C), ORDER the BOP to transfer Petitioner (within 48 hours) out of carceral custody and into a prerelease (See Continuation Page)

14. Dist. LEXIS 207283 (D. MN. 2019); and (b) any further exhaustion of remedies to contest the validity of BOP's regulation or policy would be futile. See Vang. v. Eischen, No. 23-cv-721, 2023 U.S. Dist. LEXIS 149163 at *9 (D. MN. 2023); see also Elwood v. Jeter, 386 F.3d 842, 844 n.1 (8th Cir. 2004)

15. custody location as close to his approved release address as practicable, and maintain him in prerelease custody status unless he is found to have committed a prohibited act warranting a return to carceral custody; and 3) any other relief the Court deem just and equitable.

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

1-28-25

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct. I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date: 1-27-25

[signature]

*Signature of Petitioner*

*Signature of Attorney or other authorized person, if any*