APP. 1

BP-A0148
JUNE 10

INMATE REQUEST TO STAFF CDFRM

25cv398

U.S. DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS

RECEIVED BY MAIL
MAR 18 2025
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

| | |
|---|---|
| TO: (Name and Title of Staff Member) CSW Christopherson | DATE: 11/7/24 |
| FROM: Jose Osorio-Calderon | REGISTER NO.: 49425-069 |
| WORK ASSIGNMENT: AM Kitchen | UNIT: B |

SUBJECT: (Briefly state your question or concern and the solution you are requesting. Continue on back, if necessary. Your failure to be specific may result in no action being taken. If necessary, you will be interviewed in order to successfully respond to your request.

I am requesting written confirmation for why my request for halfway house placement in Puerto Rico was denied.

Specifically, I need to know who denied the new and recently submitted address, the Probation Office or the RRM.

(Do not write below this line)

DISPOSITION:

The RRM's denied based on local ordinances.

Signature Staff Member

Date 11/13/24

Record Copy - File; Copy - Inmate

PDF

Prescribed by P5511

This form replaces BP-148.070 dated Oct 86 and BP-S148.070 APR 94

SCANNED
MAR 18 2025
U.S. DISTRICT COURT MPLS



FILE IN SECTION 6 UNLESS APPROPRIATE FOR PRIVACY FOLDER SECTION 6

**Jose Osorio-Calderon** * 49425-069 * Unit B
FCI Sandstone * P.O. Box 1000 * Sandstone * Minnesota * 55072

November 17, 2024

Residential Reentry Office
401 N. Miami Avenue
Miami, FL 33128

RE: Address Denial

NOTE: Please forward to the appropriate address if this does not reach the correct Regional Reentry Office.

Residential Reentry Manager,

I have been attempting to be placed in RRC on my current federal sentence since March 13, 2024. There have been a myriad of complications that have contradicted over each request/submission from the prior one. Which I, my Unit Team, the halfway house in Puerto Rico, or any other BOP agency that has had a hand in this process.

The halfway house would not allow for me to reside there upon release due to the nature of my crime. See BP-9 Response attached. I had tried to transfer jurisdictions to New York, where my sister resides, but was denied by the Probation Office there for not being suitable for supervison. /Id. Your office could not approve a previous address due to it being in close proximity to two pirvate schools and day care. See BP-10 Response attached. A second address was filed and provided via my case manager through e-mail, where I was told last week was being denied AGAIN "based on local ordinances." See Cop Out attached. I know that this second address does not have the same restrictive factors as the first address or the Reentry Center and seeing how I was federally charged out of Puerto Rico, I am required by law to return to the same sentencing jurisdiction to finish any pre release custody time I have to serve.

Post Loper Bright Enterprises, et el. v. Raimondo. Secretary of Commerce, et al., 144 S. Ct. 2244 (2024), an ageny no longer has judicial deference to interpretation of ambiguous federal law. 18 U.S.C. §3632(d) states that I (an FSA eligible inmate who has earned the required FTC's) "shall" transfer to pre-release custody with none of the specific reasons given to me for denial found in the language of the statute, such as local ordinances or any other reason that would prevent the halfway house or your office from finding appropriate housing.

I would like to know the answers to the following questions:

- What specific local ordinances are you relying on to deny my RRC placement to the address **Sector Villa Kennedy, Casa 93 Loiza, PR 00772** (the newly provided address on file)? and;
- What federal statute are you relying to override the plain language of the First Step Act's directive that states it is the BOP's responsibility to find me placement to use the FSA credits I have, or will, accumulate? A protected liberty interest to transfer to (in my case immediate) pre-release custody.

Thank you for your prompt attention to this matter.

Respectfully,

Jose Osorio-Calderon

SST-1330.18F

**ADMINISTRATIVE REMEDY PROCEDURE FOR INMATES**
**INFORMAL RESOLUTION FORM**

NOTICE TO INMATE: You are advised that prior to receiving and filing a request for Administrative Remedy form BP-9, you **MUST** attempt to informally resolve your complaint through the respective department head(DH) prior to receiving a BP-9. Briefly state complaint below and list what efforts you have made to resolve your complaint informally. Also, please state names of staff contacted.

Initials and date informal resolution form issued by Correctional Counselor: 7/18/24 [initials]

Inmate Name: Osorio-Calderon, Jose Number: 49425-069 Quarters: B

1. Complaint/Remedy Requested: Since starting my pre release custody process in November of 2023 where I was told that I would be going home in July of 2024, I have been given the run around by my Unit Team and by the Probation (See Continuation Page)

2. DH efforts made to informally resolve: You were originally submitted for 271-365 days of RRC on 3/13/24. You were denied RRC on 4/4/24 due to your offense (in Puerto Rico)

3. Print, Sign and date of Department Head contacted: M. Hague / [signature]

Initials and date returned to Correctional Counselor: ______

If informal resolution attained: ______ ______ ______ ______

Inmate Signature Date Staff Signature Date

4. Program statements referenced or otherwise utilized in attempt at informal resolution were:

______

Reviewed By: 8/16/24 [signature]
Date Unit Manager

Date BP-9 issued: 8/17/24 [signature]
Date Correctional Counselor

[signature: Jose C. Osorio]
Date Inmate Signature

cc: Unit Counselor

OSORIO-CALDERON v. WARDEN SEC. 2241 EXHIBIT 2(a)

BP-8 Continuation Page

Osorio-Calderon, Jose 49425-069 Unit B SST

Office of where I will be returning (Puerto Rico) on why there has been no finalization to such things as: an appropriate release address; an alternate option to the lack of bed space at the halfway house; an accurate Pre-Release Date (PRD); etc. that would allow for my transition from incarceration to pre release custody. Each party blames the other when I or my family inquires why I was not transferred in July or what is the date I will transfered to pre-release custody we get the run-around and both the BOP and the Halfway house blame each other.

The week of July 14, Unit Manager Apple told me with complete certainty that the halfway house in Puerto Rico is refusing to assign me bed space and this is why my process has been stalled. Congress's was clear with their language choice in 18 U.S.C. §3632(d) where they used the word shall concerning a FSA elgibile inmate's liberty interest (Statutory Right) to pre-release custody if eligbile (I current am) and once earned (which I have).

Despite the hurdles the BOP may encounter in any initial plans, they must follow through with Congress's plain intent to ensure that as long as an inmate meets all of the criteria when applying FTC's towards a carceral release date, they will not be incarcered past that point.

My Full Term Date is April 15, 2029. My Final Statutory Release Date (Goodtime) is July 3, 2027. With the application of 365 FTC's, my PRD becomes July 3, 2026, before any 'pre-release' credits (earned or potential) are used.

By next week, applying what I have earned to date, my new PRD will be December 14, 2024. My meet date is in November, 2024. Meet date is when earned FTCs = Prerelease transfer date. When you account for the time I will be in pre-release custody, I will earn an additional four months of credit (future credits countable under Regulation 28 CFR 523.42), making my Conditional Release Date (CRD) Mid July, over two weeks ago.

I have an acceptable address in Puerto Rico that the Probation Office has said is the halfway house's purview to initiate and approve the home confinement process. There are other halfway house options available to the BOP that have not been considered or discussed by my Unit Team. The burden is on the shoulders of the BOP to get me home, whether the most convenient option to make that happen is available to them or not.

This is especially true post-Loper (Loper Bright Enterprises, et al. v. Raimondo, Secretary of Commerce, et al., Case No.: 22-451, 603 U.S. ____ (2024)) that has stripped judicial deference to an agency's (the BOP) interpretation of ambiguous federal law. My position is the clear and unambiguous language of §3632(d) is clear on its face, and is in my favor. However, if there are ambiguities in the text a judge will make an independent review (without any deference) to the agencies interpretation.

I preserve the right to all future arguments (administratively or via litigation) pertaining to statute §3632's regulatory linguistic shuffle of shall to may. The BOP inappropriately relying on the incorrect statute (§3624) and its directive language change to may (was an illegal overstep of their authority) when determining prerelease transfer for FSA eligible persons; using lack of bed space in a halfway house as a reason to keep inmates incarcerated despite no mention of excusable reasons in the statute to not employ alternate means of prerelease placement; and the BOP's general breach of regulatory authority when statutory language is clear and unambiguous.

I respectfully request my Unit Team to expedite my pre release custody process; confer with the probation office in Puerto Rico to approve my home confinement address; and allow for immediate release into pre release custody as afforded me by the First Step Act to which I have earned, will earn (by law & regulation) and am eligible for.

U.S. DEPARTMENT OF JUSTICE

Federal Bureau of Prisons

**REQUEST FOR ADMINISTRATIVE REMEDY** APP. 6

PG 8/17/24

*Type or use ball-point pen. If attachments are needed, submit four copies. Additional instructions on reverse.*

| From: | Osorio-Calderon, Jose | 49425-069 | B | SST |
|---|---|---|---|---|
| | LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION |

**Part A- INMATE REQUEST** This BP-9 adopts the attached BP-8's facts and questions regarding the BOP impermissibly keeping me in a carceral setting past my earliest conditional release date (taking all possible FSA credits into account) or even my FSA meet date (where earned credits meet current date) because Puerto Rico (either the Probation Office or the halfway house) denied my Unit Team's March 13, 2024 submission for placement in R.R.C.

Please review my facts and arguments in the attached BP-8 and continuation page; confirm that I am being held in carceral setting past either date I was to be transferred to prerelease because "[Puerto Rico] denied [your] RRC ... due to your offense." See BP-8's Response; and that there is nothing the BOP will do to transfer me from carceral custody to prerelease custody; OR **IMMEDIATELY transfer me to prerelease custody.**

8-20-24 — DATE

José C. Osorio Calderón — SIGNATURE OF REQUESTER

**Part B- RESPONSE**

FCI Sandstone
AUG 23 2024
Warden's Office

DATE — WARDEN OR REGIONAL DIRECTOR

*If dissatisfied with this response, you may appeal to the Regional Director. Your appeal must be received in the Regional Office within 20 calendar days of the date of this response.*

**ORIGINAL: RETURN TO INMATE** CASE NUMBER: 1210277-F1

CASE NUMBER: 1210277-F1

**Part C- RECEIPT**

Return to: Osorio-Calderon, Jose | 49425-069 | B | SST

LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: Request for expedited transfer to prerelease custody

8-23-24 — DATE — RECIPIENT'S SIGNATURE (STAFF MEMBER)

OSORIO-CALDERON v. WARDEN SEC. 2241 EXHIBIT 2(b)

BP-229(13)
APRIL 1982

USP LVN

**Administrative Remedy No.: 1210277-F1**

---

This is in response to your Request for Administrative Remedy receipted August 23, 2024. You allege that you are being held in custody past your earliest conditional release date. As relief you request that your unit team expedite your pre-release custody process; confer with the Puerto Rico probation office and approve your home confinement address.

In accordance with Program Statement 7310.04, Community Corrections Center (CCC) Utilization and Transfer Procedures, "A number of factors must be weighed to determine the length of CCC placement for inmates, including their individual needs and existing community resources."

A review into this matter reveals, you were submitted for 271-365 days of RRC placement on March 13, 2024. When your referral was submitted you requested a relocation of supervision in The Northern District of New York. The Northern District of New York denied your request, due to the residence requested not being suitable for supervision. Your referral was then sent with your Puerto Rico RMM's office. The RRC in Puerto Rico disapproved placement based upon the Re-Entry Center being located in close proximity of two private school and a daycare center.

Accordingly, this response to your request for Administrative Remedy is for informational purposes only.

If you are dissatisfied with the above findings, you may submit a Regional Appeal via Form BP-230(13), to the Regional Director, Federal Bureau of Prisons, North Central Regional Office, Gateway Complex Tower II, 8th Floor, 400 State Avenue, Kansas City, Kansas 66101-2492 within twenty (20) calendar days from the date of this response.

Mark W. King, Warden

9/4/2024
Date

U.S. Department of Justice

Federal Bureau of Prisons

**Regional Administrative Remedy Appeal** APP. 8

Type or use ball-point pen. If attachments are needed, submit four copies. One copy of the completed BP-229(13) including any attachments must be submitted with this appeal.

From: Osorio-Calderon, Jose | 49425-069 | B | SST
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A - REASON FOR APPEAL** I am appealing my September 4, 2024 denial of my BP-9. Please refer to my BP-8, BP-8 Continuation Page, and BP-9, attached, as I adopt all claims and facts of both.

The Warden's response from the BP-9 is the same response from my BP-8. It does not answer my initial complaint and fails to address why the BOP is not addressing all avenues available to me for pre-release custody. I qualify for home confinement placement. However both the BOP and Halfway House / Probation are claiming that the other is responsible for initiating the process in order for my address to be approved.

I am seeking the BOP's position as to why they can or can not initiate the process to have my release address inspected for approval for home confinement.

9-9-24
DATE

José C. Osorio Calderón
SIGNATURE OF REQUESTER

**Part B - RESPONSE**

RECEIVED
SEP 13 2024

DATE

REGIONAL DIRECTOR

If dissatisfied with this response, you may appeal to the General Counsel. Your appeal must be received in the General Counsel's Office within 30 calendar days of the date of this response.

ORIGINAL: RETURN TO INMATE

CASE NUMBER: 1210277-R1

**Part C - RECEIPT**

CASE NUMBER:

Return to:
LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT:

DATE

SIGNATURE, RECIPIENT OF REGIONAL APPEAL



UPN LVN

PRINTED ON RECYCLED PAPER

BP-230(13)
JUNE 2002

**U.S. Department of Justice**
**Federal Bureau of Prisons**
**North Central Regional Office**

**Regional Administrative Remedy Appeal**
**Part B - Response**

**Administrative Remedy Number:** 1210277-R1

This is in response to your Regional Administrative Remedy Appeal received September 13, 2024, in which you request pre-release custody placement pursuant to 18 U.S.C. § 3621(b).

We have reviewed your appeal and the Warden's response dated September 4, 2024. You currently have a projected release date of July 3, 2026, via First Step Act Release. According to Program Statement 5410.01 First Step Act of 2018 – Time Credits: Procedures for Implementation of 18 U.S.C. § 3632(d)(4) "Residential Reentry Center (RRC) and/or Home Confinement (HC) referrals will ordinarily be submitted to the respective Residential Reentry Management (RRM) office 12 months in advance of the inmate's PRD or at least 60 days prior to the projected RRC/HC placement date, whichever is greater. The RRC and/or HC recommendation will include the total number of days recommended based on the Five Factor Review (see 18U.S.C. § 3621(b)), required under the Second Chance Act, plus the remaining number of FTC days not applied to supervised release at the time of the referral. Once the Warden approves the recommendation a referral will be submitted to the RRM. The RRM has the sole responsibility to assign an RRC placement date. As indicated in the Warden's response, you were submitted for 271 to 365 days of RRC placement. However, the Northern District of New York denied your request, due to the residence requested not being suitable for supervision. Subsequently, your referral was sent to the RRM's office in Puerto Rico for consideration and it was denied due to the close proximity of two private schools and a daycare center. As such, based on the current offense, you do not qualify for pre-release placement at this time.

Based on the above information, your Regional Administrative Remedy Appeal is denied.

If you are dissatisfied with this response, you may appeal to the Office of General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the Office of General Counsel within 30 days from the date of this response.

9/23/2024
Date

Andre Matevousian, Regional Director

U.S. Department of Justice

Federal Bureau of Prisons

**Central Office Administrative Remedy Appeal** APP. 10

Type or use ball-point pen. If attachments are needed, submit four copies. One copy each of the completed BP-DIR-9 and BP-DIR-10, including any attachments must be submitted with this appeal.

From: Osorio-Calderon, Jose | 49425-069 | B | SST

LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

**Part A—REASON FOR APPEAL** I am appealing the September 23 denial (see attached) of my September 9 BP-10 (see attached) for the following reasons:

Please see attached BP-8, 9, and 10 as i Adopt all facts and claims made here.

Region denied my BP10 on the grounds that "your referral was sent to the RRM's office in Puerto Rico for consideration and it was denied due to the close proximity of two private schools and a daycare center. As such, based on the current offense." This leads to the conclusion that Region (and the RRM office of Puerto Rico) was using an old address on my BOP file that was updated with a different (and approvable) address with my case manager in July. Why this new address was not used to approve my Home Confinement is unknown but the decision made by Region goes against the language in the First Step Act, §3632(d), which states the BOP shall move me to pre-release custody once an inmate has earned the FTC's, creating a "meet date" where release from carceral custody is mandatory and not dependent on community resources.

10-16-24 (See Continuation Page) José C. Osorio Calderón

DATE SIGNATURE OF REQUESTER

**Part B—RESPONSE**

RECEIVED
OCT 28 2024
Administrative Remedies
Federal Bureau of Prisons

DATE GENERAL COUNSEL

ORIGINAL: RETURN TO INMATE CASE NUMBER: ____________

**Part C—RECEIPT** CASE NUMBER: 1210277

Return to: ____________

LAST NAME, FIRST, MIDDLE INITIAL | REG. NO. | UNIT | INSTITUTION

SUBJECT: ____________

DATE SIGNATURE OF RECIPIENT OF CENTRAL OFFICE APPEAL

OSORIO-CALDERON v. WARDEN SEC. 2241 EXHIBIT 2(d)

USP LVN Printed on Recycled Paper BP-231(13) APRIL 1982

BP-11 Continuation Page

Osorio -Calderon, Jose 49425-069 Unit B SST

Region's answer of "based on the current offense, you do not qualify for pre-release placement at this time" is in violation of the law. As I am being held past the date I was to be transferred to pre-release custody.

I am requesting Central to overturn Region's decision; order my Unit Team to contact the RRM of Puerto Rico with the address listed below:

Sector Villa Kennedy
Casa 93
Loiza, Puerto Rico 00772

and request them to use this address to begin an expedited process to approve my Home Confinement and **IMMEDIATELY transfer me to pre-release custody.**

**Administrative Remedy No. 1210277-A1**
**Part B - Response**

This is in response to your Central Office Administrative Remedy Appeal wherein you contest your denial of Residential Re-entry Center (RRC) placement. For relief, you request an expedited process to approve and transfer you to pre-release placement.

We have reviewed documentation relevant to your appeal. Our superseding review revealed Unit Team staff submitted a referral for RRC placement on your behalf on April 4, 2024. A review of that referral reveals you were individually evaluated for pre-release RRC placement consistent with the requirements of policy and regulations. In addition to the referral being provided, it was revealed Unit Team staff also provided the RRM Office with information pertaining to the FSA time credit you earned toward community placement. After review by the RRM Office, your placement was denied. Be advised, staff refer inmates for pre-release placement to the appropriate Residential Reentry Manager (RRM), but the final decision as to the community program or placement length is within the discretion of the RRM. No inmate is entitled to either RRC placement or placement of a particular duration. You provide no additional information showing staff members are acting contrary to established policy and procedures or outside the scope of their duties.

Accordingly, your appeal is denied.

November 5, 2024
Date

T. Barnett
Timothy Barnett, Administrator
National Inmate Appeals

# FSA Time Credit Assessment

Register Number:49425-069, Last Name:OSORIO-CALDERON

**U.S. DEPARTMENT OF JUSTICE** **FEDERAL BUREAU OF PRISONS**

Register Number....: 49425-069
Inmate Name
Last.............: OSORIO-CALDERON
First............: JOSE
Middle...........: CARLOS
Suffix...........:
Gender.............: MALE
Start Incarceration: 01-30-2018

Responsible Facility: SST
Assessment Date.....: 11-02-2024
Period Start/Stop...: 12-21-2018 to 11-02-2024
Accrued Pgm Days....: 2113
Disallowed Pgm Days.: 30
FTC Towards RRC/HC..: 655
FTC Towards Release.: 365
Apply FTC to Release: Yes

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 12-21-2018 | 07-17-2019 | accrue | 208 |

Accrued Pgm Days...: 208
Carry Over Pgm Days: 0
Time Credit Factor.: 10
Time Credits.......: 60

---

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 07-17-2019 | 04-14-2023 | accrue | 1367 |

Accrued Pgm Days...: 1367
Carry Over Pgm Days: 28
Time Credit Factor.: 15
Time Credits.......: 690

---

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|
| 04-14-2023 | 05-14-2023 | disallow | 30 |

**Not in qualifying admit status.**

| Facility | Category | Assignment | Start | Stop |
|---|---|---|---|---|
| TEX | ARS | TRANSFER | 04-13-2023 09:04 | 04-13-2023 09:04 |
| B17 | ARS | A-ADMIT | 04-13-2023 10:04 | 04-13-2023 12:55 |
| SEA | ARS | A-BOP HLD | 04-13-2023 11:55 | 04-14-2023 03:42 |
| B17 | ARS | RELEASE | 04-13-2023 12:55 | 04-13-2023 12:55 |
| SEA | ARS | HLD REMOVE | 04-14-2023 03:42 | 04-14-2023 03:42 |
| B17 | ARS | A-ADMIT | 04-14-2023 04:42 | 04-14-2023 13:20 |
| OKL | ARS | A-BOP HLD | 04-14-2023 12:20 | 04-26-2023 09:00 |
| B17 | ARS | RELEASE | 04-14-2023 13:20 | 04-14-2023 13:20 |
| OKL | ARS | HLD REMOVE | 04-26-2023 09:00 | 04-26-2023 09:00 |
| A02 | ARS | A-ADMIT | 04-26-2023 10:00 | 04-26-2023 19:19 |
| CCC | ARS | A-BOP HLD | 04-26-2023 18:19 | 05-15-2023 08:01 |
| A02 | ARS | RELEASE | 04-26-2023 19:19 | 04-26-2023 19:19 |

---

| Start | Stop | Pgm Status | Pgm Days |
|---|---|---|---|

FSA Time Credit Assessment

Register Number:49425-069, Last Name:OSORIO-CALDERON

U.S. DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS

05-14-2023 11-02-2024 accrue 538

Accrued Pgm Days...: 538
Carry Over Pgm Days: 15
Time Credit Factor.: 15
Time Credits.......: 270

--- FSA Assessment(s) ---

| # | Start | Stop | Assignment | Asn Start | Factor |
|---|---|---|---|---|---|
| 001 | 12-21-2018 | 01-18-2019 | R-LW | 04-28-2021 17:24 | 10 |
| 002 | 01-18-2019 | 07-17-2019 | R-LW | 04-28-2021 17:24 | 10 |
| 003 | 07-17-2019 | 01-13-2020 | R-LW | 04-28-2021 17:24 | 15 |
| 004 | 01-13-2020 | 07-11-2020 | R-LW | 04-28-2021 17:24 | 15 |
| 005 | 07-11-2020 | 01-07-2021 | R-LW | 04-28-2021 17:24 | 15 |
| 006 | 01-07-2021 | 07-06-2021 | R-LW | 04-28-2021 17:24 | 15 |
| 007 | 07-06-2021 | 01-02-2022 | R-LW | 04-28-2021 17:24 | 15 |
| 008 | 01-02-2022 | 07-01-2022 | R-LW | 04-28-2021 17:24 | 15 |
| 009 | 07-01-2022 | 12-28-2022 | R-LW | 01-22-2022 11:59 | 15 |
| 010 | 12-28-2022 | 06-26-2023 | R-LW | 07-16-2022 15:21 | 15 |
| 011 | 06-26-2023 | 12-23-2023 | R-LW | 01-14-2023 12:26 | 15 |
| 012 | 12-23-2023 | 06-20-2024 | R-LW | 10-05-2023 01:54 | 15 |
| 013 | 06-20-2024 | 12-17-2024 | R-LW | 05-22-2024 06:45 | 15 |

# FSA Time Credit Assessment

Register Number:49425-069, Last Name:OSORIO-CALDERON

U.S. DEPARTMENT OF JUSTICE FEDERAL BUREAU OF PRISONS

--- Best Case Scenario - Conditional Pre-release Planning & Preparation Only ------------------

All conditional days and conditional dates below are the individual's best case scenario given the individual's FSA/FTC status and best case Second Chance Act (SCA) days as of 11-02-2024. These dates can change if there are changes to one or more of the following: the individuals FSA risk, FSA opt-in/opt-out status, or best case SCA days.

SCA DAYS ARE NOT GUARANTEED AND REQUIRE AN INDIVIDUALIZED ASSESSMENT! THEREFORE, IF A DEFAULT OF 365 DAYS IS REFLECTED, THIS DATE IS SUBJECT TO CHANGE BASED ON THE REQUIRED FIVE-FACTOR REVIEW UNDER 18 USC SEC. 3621(B). AN INDIVIDUAL WHO HAS PENDING CHARGES/DETAINERS ARE NOT ELIGIBLE FOR SCA TIME. THE FIVE-FACTOR REVIEW INVOLVES THE FOLLOWING: (1)THE RESOURCES OF THE FACILITY CONTEMPLATED; (2) THE NATURE AND CIRCUMSTANCES OF THE OFFENSE; (3) THE HISTORY AND CHARACTERISTICS OF THE PRISONER; (4) ANY STATEMENT BY THE COURT THAT IMPOSED THE SENTENCE: (a)CONCERNING THE PURPOSES FOR WHICH THE SENTENCE TO IMPRISONMENT WAS DETERMINED TO BE WARRANTED; OR (b) RECOMMENDING A TYPE OF PENAL OR CORRECTIONAL FACILITY AS APPROPRIATE; AND (5) ANY PERTINENT POLICY STATEMENT ISSUED BY THE U.S. SENTENCING COMMISSION.

---

Projected Release Date: 07-03-2027
Projected Release Method: GCT REL
FSA Projected Release Date: 07-03-2026
FSA Projected Release Method: FSA REL
FSA Conditional Release Date: 07-03-2026
SCA Conditional Placement Days: 365*
SCA Conditional Placement Date: 07-03-2025*
FSA Conditional Placement Days: 655
FSA Conditional Placement Date: 09-16-2024
Conditional Transition To Community Date: 09-17-2023*

***Default SCA conditional placement days. This requires a five-factor review!**

```
  SSTAW  540*23 *           SENTENCE MONITORING                *       07-08-2024
PAGE 001        *            COMPUTATION DATA                  *       14:39:17
                             AS OF 07-08-2024

REGNO..: 49425-069 NAME: OSORIO-CALDERON, JOSE CARLOS

FBI NO...........: [redacted]              DATE OF BIRTH: [redacted]   AGE: [redacted]
ARS1.............: SST/A-DES
UNIT.............: 1 GP                    QUARTERS.....: B08-040U
DETAINERS........: NO                      NOTIFICATIONS: NO

FSA ELIGIBILITY STATUS IS: ELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 01-03-2026

FINAL STATUTORY RELEASE FOR INMATE.: 07-03-2027 VIA GCT REL
          WITH APPLIED FSA CREDITS.: 365  DAYS
THE INMATE IS PROJECTED FOR RELEASE: 07-03-2026 VIA FSA REL


----------------------CURRENT JUDGMENT/WARRANT NO: 010 ------------------------

COURT OF JURISDICTION...........: PUERTO RICO
DOCKET NUMBER...................: 3:16-CR-00621-001 (J
JUDGE...........................: GARCIA-GREGORY
DATE SENTENCED/PROBATION IMPOSED: 01-30-2018
DATE COMMITTED..................: 04-05-2018
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO

                 FELONY ASSESS  MISDMNR ASSESS  FINES          COSTS
NON-COMMITTED.:  $100.00        $00.00          $00.00         $00.00

RESTITUTION...:  PROPERTY:  NO  SERVICES:  NO       AMOUNT:    $00.00

 REMARKS.......: 3:16-CR-00621-001 (JAG)
```

```
G0002        MORE PAGES TO FOLLOW . . .
```

OSORIO-CALDERON v. WARDEN SEC. 2241 EXHIBIT 4(a)

540*23 *
PAGE 002 *

SENTENCE MONITORING * 07-08-2024
COMPUTATION DATA * 14:39:17
AS OF 07-08-2024

REGNO..: 49425-069 NAME: OSORIO-CALDERON, JOSE CARLOS

-------------------------CURRENT OBLIGATION NO: 010 ---------------------------

OFFENSE CODE....: 572 18:2421-29 I/S TRN IMRL PRPS
OFF/CHG: 18:2422(B) COERCION AND ENTICEMENT OF MINORS, CT 2.

SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
SENTENCE IMPOSED/TIME TO SERVE.: 151 MONTHS
TERM OF SUPERVISION............: 10 YEARS
DATE OF OFFENSE................: 09-16-2016

-------------------------CURRENT COMPUTATION NO: 010 ---------------------------

COMPUTATION 010 WAS LAST UPDATED ON 05-03-2021 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 03-20-2018 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 01-30-2018
TOTAL TERM IN EFFECT............: 151 MONTHS
TOTAL TERM IN EFFECT CONVERTED..: 12 YEARS 7 MONTHS
EARLIEST DATE OF OFFENSE........: 09-16-2016

JAIL CREDIT.....................: FROM DATE THRU DATE
09-16-2016 01-29-2018

TOTAL PRIOR CREDIT TIME.........: 501
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 652
TOTAL GCT EARNED................: 351
STATUTORY RELEASE DATE PROJECTED: 07-03-2027
ELDERLY OFFENDER TWO THIRDS DATE: 02-04-2025
EXPIRATION FULL TERM DATE.......: 04-15-2029
TIME SERVED.....................: 7 YEARS 9 MONTHS 23 DAYS
PERCENTAGE OF FULL TERM SERVED..: 62.0
PERCENT OF STATUTORY TERM SERVED: 72.3

G0002 MORE PAGES TO FOLLOW . . .

OSORIO-CALDERON v. WARDEN SEC. 2241 EXHIBIT 4(a)

SSTAW 540*23 * SENTENCE MONITORING * 07-08-2024
PAGE 003 OF 003 * COMPUTATION DATA * 14:39:17
AS OF 07-08-2024

REGNO..: 49425-069 NAME: OSORIO-CALDERON, JOSE CARLOS

PROJECTED SATISFACTION DATE.....: 07-03-2026
PROJECTED SATISFACTION METHOD...: FSA REL
WITH FSA CREDITS INCLUDED...: 365

REMARKS.......: 1-6-20 GCT UPDATED PURSUANT TO FSA R/JMD.05-03-21 UPDT DIS
R/KNM.2-15-24 3621E/767 (I/M WAS NOT IN RDAP STATUS).R/LSG

S0055 NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE

# Summary Reentry Plan - Progress Report

SEQUENCE: 00437506

Dept. of Justice / Federal Bureau of Prisons

Report Date: 03-13-2024

ıfer Report Report for inmate: OSORIO-CALDERON, JOSE CARLOS 49425-069



| | | | |
|---|---|---|---|
| Facility: | SST SANDSTONE FCI | Custody Level: | IN |
| Name: | OSORIO-CALDERON, JOSE | Security Level: | LOW |
| Register No.: | 49425-069 | Proj. Rel Date: | 07-03-2026 |
| Quarters: | B08-040U | Release Method: | FIRST STEP |
| Age: | 37 | DNA Status: | GUA09974 / 09-19-2016 |
| Date of Birth: | 12-12-1986 | | |

## Contact Information

**Release contact & address**

Lacen Calderon, MOTHER
HC-1 BOX 3825, Loiza, RQ 00772 US
Phone (mobile) : 787-800-9885

## Offenses and Sentences Imposed

| Charge | Terms In Effect |
|---|---|
| 18:2422(B) COERCION AND ENTICEMENT OF MINORS, CT 2. | 151 MONTHS |

Date Sentence Computation Began: 01-30-2018

Sentencing District: PUERTO RICO

| Days FSGT / WSGT / DGCT | Days GCT or EGT / SGT | Time Served | + Jail Credit | - InOp Time |
|---|---|---|---|---|
| 0 / 0 / 27 | 351 | Years: 7 Months: 6 Days: 17 | + 501 JC | - 0 InOp |

## Detainers

| Detaining Agency | Remarks |
|---|---|
| *NO DETAINER* | |

## Pending Charges

Syracuse City Court - Case No. 2009-10093 and Case No. 10-156489

## Program Plans

Inmate Osorio-Calderon arrived at FCI Sandstone on May 15, 2023 as a drug abuse program/close supervision transfer. His adjustment to incarceration at this institution has been satisfactory. Inmate Osorio-Calderon has been encouraged to participate in educational, vocational, and counseling programs while at FCI Sandstone.

## Current FSA Assignments

| Assignment | Description | Start |
|---|---|---|
| AWARD | EBRR INCENTIVE AWARD | 12-02-2023 |
| FTC ELIG | FTC-ELIGIBLE - REVIEWED | 07-16-2022 |
| N-ANGER N | NEED - ANGER/HOSTILITY NO | 10-05-2023 |
| N-ANTISO Y | NEED - ANTISOCIAL PEERS YES | 10-05-2023 |
| N-COGNTV Y | NEED - COGNITIONS YES | 10-05-2023 |
| N-DYSLEX N | NEED - DYSLEXIA NO | 05-30-2021 |
| N-EDUC N | NEED - EDUCATION NO | 10-05-2023 |
| N-FIN PV N | NEED - FINANCE/POVERTY NO | 10-05-2023 |
| N-FM/PAR N | NEED - FAMILY/PARENTING NO | 10-05-2023 |
| N-M HLTH N | NEED - MENTAL HEALTH NO | 10-05-2023 |
| N-MEDICL N | NEED - MEDICAL NO | 10-05-2023 |
| N-RLF N | NEED - REC/LEISURE/FITNESS NO | 10-05-2023 |
| N-SUB AB Y | NEED - SUBSTANCE ABUSE YES | 10-05-2023 |
| N-TRAUMA Y | NEED - TRAUMA YES | 10-05-2023 |
| N-WORK N | NEED - WORK NO | 10-05-2023 |
| R-LW | LOW RISK RECIDIVISM LEVEL | 10-05-2023 |

## FSA Comments

Inmate Osorio-Calderon is a Low recidivism risk inmate who is eligible to earn Federal Time Credits. He has been assessed with needs in the following areas: Antisocial Peers, Cognitions, Substance Abuse, and Trauma. He is on the waiting list for Criminal Thinking.



OSORIO-CALDERON v. WARDEN SEC. 2241 EXHIBIT 4(b)

## Summary Reentry Plan - Progress Report

Dept. of Justice / Federal Bureau of Prisons

SEQ

Report Da

Transfer Report Report for inmate: OSORIO-CALDERON, JOSE CARLOS 49425-069

### Current Work Assignments

| Facl | Assignment | Description | Start |
|---|---|---|---|
| SST | FS DIN PM | FOOD SERVICE DINING PM SHIFT | 02-21-2024 |

### Work Assignment Summary

Inmate Osorio-Calderon is currently assigned to the Food service department.

### Current Education Information

| Facl | Assignment | Description | Start |
|---|---|---|---|
| SST | ESL HAS | ENGLISH PROFICIENT | 03-20-2024 |
| SST | GED HAS | COMPLETED GED OR HS DIPLOMA | 05-15-2018 |

### Education Courses

| SubFacl | Action | Description | Start | Stop |
|---|---|---|---|---|
| SST | C | ESL 1330 - 1530 SUPERIOR ROOM | 03-05-2024 | 03-20-2024 |
| SST | C | RPP6 REENTRY SIMULATION TRNG | 01-26-2024 | 01-26-2024 |
| TEX | W | ESL M-F 9:30-11:30AM | 10-07-2022 | 04-07-2023 |
| TEX | W | ESL 5/6, M-F, 12:30-2:30PM | 05-18-2018 | 10-07-2022 |
| TEX | C | HEALTH FAIR-VARIOUS TOPICS | 09-30-2022 | 10-03-2022 |
| TEX | C | PARENTING II | 06-25-2019 | 08-14-2019 |
| TEX | C | NATURE VIDEO ACE COURSE | 04-08-2019 | 05-28-2019 |
| TEX | C | HEALTH FAIR-VARIOUS TOPICS | 05-14-2019 | 05-16-2019 |
| TEX | C | PARENTING-MON.-FRI. SS | 07-30-2018 | 09-07-2018 |
| TEX | C | HEALTH FAIR-VARIOUS TOPICS | 07-11-2018 | 08-01-2018 |

### Education Information Summary

Inmate Osorio-Calderon has a GED or high school diploma. He has participated in multiple Adult Continuing Education programs. He completed the Drug Education Program and recently withdrew from the 500 hour Residential Drug Abuse Program.

### Discipline Reports

| Hearing Date | Prohibited Acts |
|---|---|
| 04-29-2021 | 296 : MAIL ABUSE, DISRUPT MONITORING |
| 11-20-2019 | 316 : BEING IN UNAUTHORIZED AREA |
| 05-09-2019 | 305 : POSSESSING UNAUTHORIZED ITEM |
| 01-18-2017 | 316 : BEING IN UNAUTHORIZED AREA |

### Discipline Summary

Inmate Osorio-Calderon has received the four incident reports as noted above. He has maintained clear conduct since his arrival at FCI Sandstone.

### ARS Assignments

| Facl | Assignment | Reason | Start | Stop |
|---|---|---|---|---|
| SST RDAP | A-DES | TRANSFER RECEIVED | 05-15-2023 | CURRENT |
| TEX | A-DES | OTHER AUTH ABSENCE RETURN | 07-05-2022 | 04-13-2023 |
| TEX | A-DES | US DISTRICT COURT COMMITMENT | 04-05-2018 | 07-05-2022 |

### Current Care Assignments

| Assignment | Description | Start |
|---|---|---|
| CARE1 | HEALTHY OR SIMPLE CHRONIC CARE | 06-06-2019 |
| CARE1-MH | CARE1-MENTAL HEALTH | 05-12-2017 |

### Current Medical Duty Status Assignments

| Assignment | Description | Start |
|---|---|---|
| NO PAPER | NO PAPER MEDICAL RECORD | 04-09-2018 |



OSORIO-CALDERON v. WARDEN SEC. 2241 EXHIBIT 4(b)

## Summary Reentry Plan - Progress Report

SEQUENCE: 00437506

Dept. of Justice / Federal Bureau of Prisons

Report Date: 03-13-2024

Transfer Report Report for inmate: OSORIO-CALDERON, JOSE CARLOS 49425-069

| Assignment | Description | Start |
|---|---|---|
| REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 04-05-2018 |
| YES F/S | CLEARED FOR FOOD SERVICE | 09-26-2016 |

### Current PTP Assignments

| Assignment | Description | Start |
|---|---|---|

*NO ASSIGNMENTS*

### Current Drug Assignments

| Assignment | Description | Start |
|---|---|---|
| DAP FAIL W | RESIDENT DRUG TRMT FAIL-WITHDR | 02-14-2024 |
| ED COMP | DRUG EDUCATION COMPLETE | 02-01-2019 |
| INELIGIBLE | 18 USC 3621 RELEASE INELIGIBLE | 07-06-2023 |

### Physical and Mental Health Summary

Inmate Osorio-Calderon is a healthy, Care Level 1 inmate with no restrictions.

### FRP Payment Plan

Most Recent Payment Plan

**FRP Assignment:** **COMPLT** **FINANC RESP-COMPLETED** **Start: 03-14-2019**

Inmate Decision: **AGREED** **$25.00** Frequency: **QUARTERLY**

Payments past 6 months: **$0.00** Obligation Balance: **$0.00**

#### Financial Obligations

| No. | Type | Amount | Balance | Payable | Status |
|---|---|---|---|---|---|
| 1 | ASSMT | $100.00 | $0.00 | IMMEDIATE | COMPLETEDZ |

*** NO ADJUSTMENTS MADE IN LAST 6 MONTHS ***

### Financial Responsibility Summary

Inmate Osorio-Calderon has completed payments toward his court ordered financial obligations.

### Release Planning

Inmate Osorio-Calderon has a Conditional FSA Release Date of July 3, 2026 He has been reviewed for pre-release Residential Reentry Center (RRC) placement pursuant to the Second Chance Act of 2007, using the five factor criteria set forth in 18 USC 3121 (b). As such, a 365 day RRC placement is recommended. Additionally, inmate Osorio-Calderon has earned 535 FTCs. Therefore, we are requesting a combined placement of up to 900 days, requesting the next available bed. He has completed his IFRP obligation and a social security card not is on file.

### General Comments

** No notes entered **



OSORIO-CALDERON v. WARDEN SEC. 2241 EXHIBIT 4(b)

**Summary Reentry Plan - Progress Report**
Dept. of Justice / Federal Bureau of Prisons
Transfer Report Report for inmate: OSORIO-CALDERON, JOSE CARLOS 49425-069

SEQUENCE: 00437506
Report Date: 03-13-2024

Name: OSORIO-CALDERON, JOSE
Register Num: 49425-069
Age: 37
Date of Birth: 12-12-1986
DNA Status: GUA09974 / 09-19-2016

Osorio Calderon

Inmate (OSORIO-CALDERON, JOSE CARLOS, Register Num: 49425-069)

3-17-24

Date

Chairperson

3-19-24

Date

Case Manager

03-17-24

Date

Found at www.forbes.com, last visited on 09/16/2024.

Bureau Of Prisons' Issues With First Step Act Lead To Food Strike

Walter Pavlo

Sep 14, 2024,10:06am EDT

Updated Sep 14, 2024, 01:27pm EDT

Federal Bureau of Prisons Director Colette Peters has tried to fully implement the First Step Act ... [

Copyright 2022 The Associated Press. All rights reserved

The Federal Bureau of Prisons (BOP) is in the process of updating the way it calculates First Step Act (FSA) credits. In July 2024, BOP Director Colette Peters told the House Judiciary Subcommittee on Crime and Federal Government Surveillance hearing on Oversight of the Federal Bureau of Prisons that the BOP was using a forward-looking calculator for FSA. However, that calculator had not been fully implemented. Now that it has, prisoners are more confused and have started refusing to go to chow hall for meals until their concerns are addressed.

One critical piece of information that federal prisoners want to know relates to when they will be released. In federal cases in the past, prior to FSA, determining a federal prison sentence could be roughly estimated as 85% of the sentence imposed. The only discount on the sentence was 54 days/year of Good Conduct Time if prisoners obeyed the institutional rules. However, with the FSA, many minimum security prisoners who have a low risk of recidivism and violence, can earn up to 365 days off their sentence and an unlimited number of days toward home confinement.

Each month, eligible prisoners can earn up to 15 days off of their sentence (up to 365 days) each month for participation in certain programs or in productive activities (like work or participation in religious services). Once the prisoner hits the 365 day threshold to reduce their sentence, any FSA credits above that go toward home confinement. Those eligible for FSA credits and have a long prison term (say 10 years or more) could earn potentially years of time in home confinement. A win for the prisoner and his/her family, and a cost savings for the BOP.

Determining when a prison will leave prison is just as important for the BOP as it is for the prisoner. BOP needs to determine when a person is eligible for placement in a halfway house or home confinement. A known date for release is also important for those who go into residential drug abuse programs, which also has an incentive to reduce a prison term. To accommodate this, the BOP recently developed both a Projected Release Date and a Conditional Release Date that it started sharing with prisoners. The Projected Release Date includes the FSA credits awarded to date and the Conditional Release Date shows all of the FSA credits that will be earned over the term of incarceration. However, case managers are confused over which one should be used for planning purposes. It may seem obvious that the Conditional Release Date would make more sense, but that is not how it is working.

Assume a prisoner gets a 21-month sentence. During the beginning of that sentence, the prisoner will earn 10 days per month of FSA credits for programming. When the credits are processed, that person's release date from the BOP will be reduced by 10 days and that is the Projected Release Date. However, prisoners keep earning credits over their entire sentence so it is important to know the date they will really leave BOP custody, that is the Conditional Release Date. Someone with a

21-month sentence will earn 165 FSA credits that reduce the sentence by that number of days. In total, a sentence of 21-months is actually approximately 12 months of incarceration. The problem is that case managers, who control the lives of prisoners, are not recognizing the Conditional Release Date and prisoners are staying in prison longer than necessary.

Prisoners at FPC Montgomery (Alabama) are on a military base and routinely have jobs outside the prison. It is mostly known as a good placement for prisoners looking to do easier time. Many prisoners there are eligible for FSA credits and they lined up outside of case managers' offices last week to get answers to a simple question, "When am I leaving?" Tensions rose as prisoners were told to leave their units from 7:00am until 3:30pm as those meeting with case managers were not getting straight answers. According to prisoners I spoke with on condition of anonymity, tensions are high as case managers could not provide answers as to what the BOP's position was on the new calculations.

**Investing Digest: Know what's moving the financial markets and what smart money is buying with Forbes Investing Digest.**

By signing up, you agree to receive this newsletter, other updates about Forbes and its affiliates' offerings, our Terms of Service (including resolving disputes on an individual basis via arbitration), and you acknowledge our Privacy Statement. Forbes is protected by reCAPTCHA, and the Google Privacy Policy and Terms of Service apply.

While local news in Montgomery provided some information about the unrest at the federal prison, personal accounts from family members poured in telling of concern of escalation from staff who are taking away television time, visitation, computers and microwaves. "This is all about the BOP not giving us answers to things we know about from reading the First Step Act law," said Donavan Davis a prisoner at FPC Montgomery, "I should be home now and nobody is listening."

The unrest continued through the week. According to one family member who reached out to me with concern about the conditions at Montgomery, fire alarms are being pulled by prisoners, causing the local fire department to make repeat visits to the facility in Alabama. The BOP issued a statement that "FPC Montgomery employees are carefully monitoring the situation, and the facility will return to normal operations as soon as possible." There are 760 prisoners at Montgomery.

Prisoners told me that the BOP is not being clear about its position on First Step Act credits being awarded and many believe they are now being held against the law. Some provided information that confirms they could have been placed on home confinement months ago, a centerpiece of the First Step Act to return non-violent prisoners to society sooner. One problem the BOP has pointed to is that they are aware people are being held longer but that capacity issues at halfway houses are causing the problem.

BOP Director Peters said in a house hearing in July that the shortage of halfway house space, the primary means of monitoring those on home confinement, is at a crisis level that approaches the same level of critical infrastructure needs of aging facilities and staffing shortages across the country. That limitation of halfway house space is keeping people in prison longer, and apparently, many have had enough.