UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 25-cv-00398-LMP-DLM

JOSE OSORIO-CALDERON,

Petitioner,

v.

WARDEN, *FCI Sandstone*,

Respondent.

**RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

Petitioner Jose Osorio-Calderon brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking an immediate transfer to prerelease custody. The petition should be dismissed because the Court does not have jurisdiction to determine Osorio-Calderon's place of confinement. And even if Osorio-Calderon could overcome the jurisdictional issue, the Court should deny his petition because he has no constitutional or statutory right to be transferred to prerelease custody.

## BACKGROUND

### I. Osorio-Calderon's Status

Osorio-Calderon is currently incarcerated at FCI-Sandstone. *See* Declaration of Matthew Apple ("Apple Decl.") ¶ 4; Ex. A. He is serving a 151-month term of imprisonment for Coercion and Enticement of a Minor to Engage in Sexual Activity, in violation of 18 U.S.C. § 2422(b). *See* Apple Decl. ¶ 4. Osorio-Calderon has a projected release date of July 3, 2026, with consideration of 365 days of First Step Act time credits. *See id.*; Ex. A, at 3.

## II. Prerelease Placement

Congress has given the Bureau of Prisons ("BOP") authority to decide where to incarcerate inmates. 18 U.S.C. § 3621(b). The BOP is authorized to grant inmates, "to the extent practicable," up to 12 months in prerelease placement, including at a residential reentry center ("RRC") at the end of their sentences. *Id.* § 3624(c)(1). The BOP is also authorized to place inmates in prerelease custody on home confinement for the shorter of 10 percent of the inmate's term of imprisonment or 6 months at the end of their sentences. *Id.* § 3624(c)(2). RRCs and home confinement are both places of confinement, *Miller v. Whitehead,* 527 F.3d 752, 755 n.3 (8th Cir. 2008), and they are referred to as types of "prerelease custody," 18 U.S.C. § 3624(g)(2).

The BOP is required to consider each inmate's suitability for placement in prerelease custody on an individual basis, using the five factors articulated in 18 U.S.C. § 3621(b). Those factors are:

1. the resources of the facility contemplated;
2. the nature and circumstances of the offense;
3. the history and characteristics of the prisoner;
4. any statement by the court that imposed the sentence: (a) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (b) recommending a type of penal or correctional facility as appropriate; and
5. any pertinent policy statement issued by the [U.S.] Sentencing Commission pursuant to section 994(a)(2) of title 28.

*Id.* At the institutional level, an inmate's Unit Team uses these factors to review the inmate for placement in prerelease custody. Apple Decl. ¶¶ 13-14. Unit Team staff will primarily

consider the factors articulated in § 3621(b)(2)-(5), which focus on factors unique to the individual inmate and of which the inmate's Unit Team has unique knowledge and insight. *Id.* ¶ 14. The Unit Team's recommendation is forwarded to the BOP's Residential Reentry Manager ("RRM") field office overseeing the recommended RRC. *Id.* ¶¶ 14, 18. RRM staff finalize the recommendation after special consideration of the § 3621(b)(1) factor—i.e., the resources of the facility contemplated. *Id.* ¶ 14.

## III. The BOP's Review of Osorio-Calderon for Prerelease Custody

Prior to Osorio-Calderon's Unit Team completing a prerelease community placement review, Osorio-Calderon requested relocation for supervision in the Northern District of New York. Apple Decl. ¶ 15. Probation and Pretrial Services for the Northern District of New York completed a Supervised Release Plan investigation based on Osorio-Calderon's relocation request. *Id.* His relocation request was denied due to the residence being found unsuitable for supervision. *Id.* Osorio-Calderon will therefore be on supervised release in the District of Puerto Rico once his custody with the BOP ends. *Id.* ¶ 16.

In April 2024, Osorio-Calderon's Unit Team at FCI Sandstone considered him for a prerelease custody placement. Apple Decl. ¶ 17. The recommendation was for a placement in Puerto Rico, for a combined placement of 915 days:

> Inmate Osorio-Calderon has a Conditional FSA Release Date of July 3, 2026. He has been reviewed for pre-release Residential Reentry Center (RRC) placement pursuant to the Second Chance Act of 2007, using the five factor criteria set forth in 18 USC 3121(b). As Such, a 365 day RRC placement is recommended. Additionally, inmate Osorio-Calderon has earned 550 FTCs. Therefore, we are requesting a combined placement of up to 915 days, requesting the next available bed. He has completed his IFRP obligation and a social security card is not on file.

*Id.*; Ex. G, at 2. Osorio-Calderon's Unit Team forwarded the recommendation to the RRM for finalization, but the RRM stated that Osorio-Calderon could not be placed due to local ordinances in Puerto Rico pertaining to Osorio-Calderon's offense. *Id.* ¶ 18.

In October 2024, Osorio-Calderon's Unit Team once again reached out to the RRM to inquire about other available placement options as well as to send an updated supervised release plan for Osorio-Calderon. *Id.* ¶ 19. The RRM's office stated that no other options for placement were available. *Id.* The answer did not change in response to a third reach-out from Osorio-Calderon's Unit Team in April 2025. *Id.* ¶ 20.

## ARGUMENT

Osorio-Calderon seeks a court order requiring the BOP to place him in prerelease custody immediately. Dkt. 1, at 11-12. That claim is not cognizable in habeas because Osorio-Calderon is challenging the *location* of his confinement rather than the length or validity of that confinement. Furthermore, Congress specifically barred judicial review of BOP placement decisions. The Court should therefore dismiss Osorio-Calderon's petition for lack of subject matter jurisdiction. In the alternative, the Court should deny Osorio-Calderon's petition on the merits because he does not have a constitutional or statutory right to the prerelease placement that he seeks.

### I. Subject Matter Jurisdiction

#### A. No Cognizable Habeas Claim

Osorio-Calderon's claim for prerelease placement is not cognizable in habeas. If he were to succeed on this claim, Osorio-Calderon would not spend a minute less in BOP custody—he would just spend more of that time at an RRC or on home confinement. Thus,

Osorio-Calderon's petition amounts to a challenge to the conditions (or location) of his confinement rather than a challenge to the length of the confinement itself. That is not a cognizable habeas claim. As a result, the Court should dismiss Osorio-Calderon's petition for lack of subject matter jurisdiction.

Under 28 U.S.C. § 2241(c)(3), a writ of habeas corpus "shall not extend to a prisoner" unless he is "in custody in violation of the Constitution or laws or treaties of the United States." The Supreme Court explains that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). The Eighth Circuit first addressed the propriety of a conditions-of-confinement habeas petition in *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996), in which the petitioner filed a habeas petition claiming that a law requiring him to provide a blood sample violated due process. *Id*. Starting from the premise that "[t]he prisoner's label cannot be controlling," the Eighth Circuit emphasized "[i]t is the substance of the relief sought which counts." *Id.* The court of appeals concluded that "the district court should have dismissed the petition for a writ of habeas corpus for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." *Id.* In doing so, the Eighth Circuit articulated the applicable rule:

> Where petitioner seeks a writ of habeas corpus and fails to attack the validity of his sentence or the length of his … custody, the district court lacks the power or subject matter jurisdiction to issue a writ.

*Id.*; *see also Smith v. Warden of Duluth*, 2019 WL 3325837, at *3 (D. Minn. Apr. 23, 2019) ("Petitioner has raised a conditions-of-confinement claim that cannot be properly brought and maintained in a federal habeas action because this Court does not have subject matter

jurisdiction over such a claim."), *adopted as modified*, 2019 WL 3323063 (D. Minn. July 24, 2019).

In 2014, the Eighth Circuit followed *Kruger* and again held that habeas review is not available for conditions-of-confinement claims. *See Spencer v. Haynes*, 774 F.3d 467, 469-70 (8th Cir. 2014). In *Spencer*, the petitioner asserted that his placement in restraints during a medical assessment violated due process. *Id*. The Eighth Circuit affirmed dismissal of the petition, holding that "a habeas petition is not the proper claim to remedy his alleged injury." *Id.* at 470. The court explained that a claim challenging a prisoner's conditions of confinement must be raised in a civil rights action. *Id.* at 470-71; *see also Wilborn v. Mansukhani*, 795 F. App'x 157, 163 (4th Cir. 2019) (per curiam) ("Since *Preiser*, a circuit split has deepened on this question. Seven of the ten circuits that have addressed the issue in a published decision have concluded that claims challenging the conditions of confinement cannot be brought in a habeas petition.").

This Court is obligated to follow the decisions of the Eighth Circuit, which explains the volume of opinions holding that "[w]hen a prisoner is not challenging either the fact or the duration of his confinement, habeas is not the proper remedy, and the court lacks jurisdiction over his claims." *Johnson v. Birkholz*, 2022 WL 3135304, at *1 (D. Minn. Aug. 5, 2022); *see also, e.g.*, *Sichting v. Rardin*, 2024 WL 4785007, at *2 (D. Minn. Nov. 14, 2024); *Falaide v. Eischen*, 2024 WL 5159313, at *2 (D. Minn. Nov. 13, 2024), *adopted by*, 2024 WL 5158483 (D. Minn. Dec. 18, 2024); *Heurung v. Rardin*, 2024 WL 4884482, at *3 (D. Minn. Oct. 17, 2024), *adopted by*, 2024 WL 4882735 (D. Minn. Nov. 25, 2024); *Young v. Eischen*, 2024 WL 418702, at *3 (D. Minn. Jan. 3, 2024), *adopted by*, 2024 WL

416445 (D. Minn. Feb. 5, 2024). It is settled law in this district that a federal prisoner's pursuit of a transfer to prerelease custody amounts only to an attack on the conditions of the prisoner's confinement and therefore is not cognizable on habeas review.

Being "in custody" is a necessary condition for seeking habeas relief, *see* 28 U.S.C. § 2241(c), but it is not a sufficient condition by itself. If it were, then any claim raised by a prisoner could be presented through a habeas petition, including claims challenging conditions of confinement rather than the fact or duration of confinement. In this circuit, claims attacking the conditions of confinement must be raised through traditional non-habeas civil litigation. *See Spencer*, 774 F.3d at 469-71. And the fact that *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), overturned *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984) is irrelevant to this case because the rule that conditions-of-confinement claims cannot be raised in a habeas petition does not derive from the BOP's interpretation of any statute.[1] *See Sharma v. Eischen*, 2024 WL 4190884, at *3 (D. Minn. Aug. 28, 2024), *adopted in part by*, 2024 WL 4190071 (D. Minn. Sept. 13, 2024).

Here, Osorio-Calderon's only claim is that he ought to be immediately placed in prerelease custody. That would not be a release from confinement, as the Eighth Circuit and this Court consistently hold. *See United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021) (discussing home confinement as a place of confinement); *Williams v.*

[1] The decisions cited above show that before and after *Loper Bright*, this Court consistently dismisses habeas claims related to RRC placement and home confinement for lack of subject matter jurisdiction.

*Birkholz*, 2021 WL 4155614, at *6 (D. Minn. July 19, 2021) ("Being transferred to home confinement is not a 'release' from incarceration."), *adopted by*, 2021 WL 4155013 (D. Minn. Sept. 13, 2021). Because Osorio-Calderon's petition raises only a conditions-of-confinement claim that is not cognizable in habeas, the Court should dismiss the petition for lack of jurisdiction.

**B. No Judicial Review of BOP Designation Decisions**

A related problem is that Osorio-Calderon challenges a designation decision that Congress expressly left to the BOP's discretion. In 18 U.S.C. § 3621(b), Congress provided the BOP with exclusive authority to designate an inmate's place of confinement:

> Place of imprisonment.--The Bureau of Prisons *shall* designate the place of the prisoner's imprisonment . . . [after considering factors (1) – (5)] . . . . Notwithstanding any other provision of law, *a designation of a place of imprisonment under this subsection is not reviewable by any court*.

(emphasis added). The First Step Act did not alter this discretion or open up judicial review of the BOP's placement decisions.

Osorio-Calderon's reliance on § 3632(d)(4)(C) does not change the analysis. Section 3632 works in tandem with the provisions governing custody and placement of federal inmates. Under § 3621(a), ***all*** individuals sentenced to a term of imprisonment are committed to the custody of the BOP, and ***all*** of them must be designated to a place of confinement. Nothing in § 3632 suggests that the prelease provisions of the First Step Act are an exception to the BOP's authority to make placement decisions or subject to different placement considerations. On the contrary, § 3632(a)(7) requires the BOP to have a prelease system that looks to § 3624 when determining whether an inmate is ready to

transfer to prerelease custody. In turn, § 3624(c)(1) requires prelease placements to be made "to the extent practicable," and § 3624(c)(4) explains that prelease placement decisions are made in the same manner as any other placement decisions under § 3621.

It makes no sense to read § 3632(d)(4)(C) as a self-contained mandate for prelease placement decisions that is divorced from §§ 3621 and 3624. These statutes work together, and "statutory language must always be read in its proper context." *McCarthy v. Bronson*, 500 U.S. 136, 139 (1991); *Mayo Clinic v. United States*, 997 F.3d 789, 793 (8th Cir. 2021) (noting words in a statute "are read in the context in which they are used and in the context of the statute as a whole"). For example, there is no list of factors in § 3632(d)(4)(C) for the BOP to consider when making prerelease placements—the BOP therefore uses the factors in § 3621. And § 3632(d)(4)(C)'s discussion of a specific type of custody placement must be read in tandem with the more generalized language in § 3621(b) authorizing the BOP to designate inmates to "any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau [and] that the Bureau determines to be appropriate and suitable." Section 3632(d)(4)(C) also expressly links to the eligibility criteria in § 3624(g). The statute refers to "prelease custody" without defining the term because it is implicitly incorporating the detailed provisions set out in § 3624(c)—including the discretion-conferring language in § 3624(c)(1). In other words, all BOP placement decisions are made pursuant to an integrated statutory framework, at the heart of which is exclusive decisionmaking authority that Congress gave to the BOP.

"In line with Eighth Circuit precedent, courts in this District have routinely considered prerelease custody—namely, placement at an RRC or on home confinement—

as a *place* of confinement" that Congress permits the BOP to manage without judicial interference. *Luque v. Fed. Bureau of Prison*, 2024 U.S. Dist. LEXIS 69190, at *8 (D. Minn. Mar. 5, 2024) (original emphasis) (collecting Eighth Circuit and District of Minnesota authority); *see also Houck*, 2 F.4th at 1085; *Fortner v. Eischen*, 2024 WL 4973204 (D. Minn. July 26, 2024); *Sharma*, 2024 WL 4190884; *Jorgensen v. Birkholz*, 2021 WL 2935641 (D. Minn. July 13, 2021). As the BOP's discretionary decision regarding Osorio-Calderon's prerelease placement is exempt from judicial review, his claim that he should be immediately transferred to an RRC or home confinement should be dismissed for lack of jurisdiction.

## II. No Constitutional or Statutory Right to Prerelease Custody

Jurisdictional issues aside, Osorio-Calderon has no protected liberty interest in serving his sentences at a particular institution, whether in a secure correctional facility, at a prison camp, at an RRC, or in home confinement. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004); *Moorman v. Thalacker*, 83 F.3d 970, 973 (8th Cir. 1996); *Mahfouz v. Lockhart*, 826 F.2d 791, 792 (8th Cir. 1987). As the Supreme Court explained in *Meachum*, a prisoner's conviction empowers the government to confine him in any institution. 427 U.S. at 224-25; *see also Moorman*, 83 F.3d at 973 ("Thus, constitutionally speaking, such assignments [to a particular institution] are discretionary, so long as they are not done for prohibited or invidious reasons and do not rise to independent constitutional violations on their own weight."). Because Osorio-Calderon has no constitutional right to be placed in an RRC or on home confinement, that aspect of the petition should be denied.

Osorio-Calderon likewise does not have a statutory right to be transferred into prerelease custody. As explained above, BOP placement decisions are made pursuant to a complex statutory outline. *See McCarthy*, 500 U.S. at 139; *Mayo Clinic*, 997 F.3d at 793. Although § 3632(d)(4)(C) contains the word "shall," the provision must be read in tandem with the other statutes that Congress enacted to govern placement decisions and guide the BOP's exercise of discretion. In particular, prerelease placements are made "to the extent practicable," 18 U.S.C. § 3624(c), and based on enumerated factors that include the resources of the facility contemplated and the nature and circumstances of the inmate's offense, *id* § 3621(b). Section 3624(c)(4) in turn notes that nothing in the subsection "shall be construed to limit or restrict" the BOP's authority under § 3621 to designate the place of imprisonment. Read together, these statutes explain why this Court has repeatedly held that § 3624(c) does not create a statutory right to placement in prerelease custody. *See, e.g.*, *Gant v. King*, 2023 WL 6930764, at *4 (D. Minn. July 7, 2023), *adopted by* 2023 WL 6910771 (D. Minn. Oct. 19, 2023); *Kern v. Fikes*, 2022 WL 2959973, *6 (D. Minn. June 16, 2022), *adopted by*, 2022 WL 2953933 (D. Minn. July 26, 2022). Because Osorio-Calderon has no statutory right to be placed in prerelease custody—and because Osorio-Calderon cannot dispute that the BOP performed an assessment using the factors listed in § 3621(b)—this aspect of his petition should be denied.

## III. Evidentiary Hearing

An evidentiary hearing is not required if the petitioner's allegations are frivolous, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record. *Wallace v. Lockhart*, 701 F.2d 719, 729-30 (8th Cir. 1983). In a habeas corpus

proceeding, an evidentiary hearing is appropriate only where material facts are in dispute. *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996); *Ruiz v. Norris*, 71 F.3d 1404, 1406 (8th Cir. 1995). No hearing is necessary when the only question is what conclusion can properly be drawn from the undisputed facts. *United States v. Winters*, 411 F.3d 967, 973 (8th Cir. 2005). Here, the declaration and exhibits filed with this response are sufficient to resolve Osorio-Calderon's habeas petition without a hearing.

## CONCLUSION

The Court should dismiss Osorio-Calderon's petition for lack of subject matter jurisdiction because his pursuit of a transfer to prerelease custody is not cognizable in habeas. On the merits, Osorio-Calderon's petition fails because he has no constitutional or statutory right to be placed at an RRC or on home confinement. Thus, the Court should deny the petition if it concludes there is jurisdiction to review Osorio-Calderon's claim.

Dated: May 6, 2025

LISA D. KIRKPATRICK
Acting United States Attorney

*s/ Trevor Brown*

BY: TREVOR C. BROWN
Assistant United States Attorney
Attorney ID Number 396820
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600
trevor.brown@usdoj.gov