**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**Case No. 25-cv-398 (LMP/DLM)**

Jose Osorio-Calderon,

Petitioner,

v.

Warden, FCI Sandstone,

Respondent.

**JOSE OSORIO-CALDERON'S BRIEF REGARDING RECENT SUPREME COURT ORDER**

The Supreme Court's recent order in *Trump v. J.G.G.*, 604 U.S. ___ (2025), while not directly on point and therefore not case-determinative here, counsels in favor of finding habeas jurisdiction over Mr. Osorio-Calderon's Petition.

## I. The Supreme Court's Order in *Trump v. J.G.G.*

On March 15, 2025, the ACLU secured two temporary restraining orders on behalf of a putative class of noncitizens in United States custody subject to President Trump's March 15, 2025 Presidential Proclamation allowing for the removal of Venezuelan nationals under the Alien Enemies Act. *Trump v. J.G.G.*, 604 U.S. ___ (2025) (attached as Exhibit 1). The temporary restraining orders were upheld at the United States Court of Appeals for the District of Columbia Circuit. *Id.* at 2. The Government asked the United States Supreme Court to vacate the orders as the nature of the cause of action required the plaintiffs to instead bring the cases through habeas claims in the district of their confinement. The Supreme Court agreed, vacating the orders and holding that because the detainees' "claims for relief necessarily imply the invalidity of their confinement and removal under the AEA, their claims fall within the core of the writ of habeas corpus and

thus must be brought in habeas." *Id.* at 2 (quotations and citations omitted). In its short, per curiam Order, the Supreme Court noted that "immediate physical release [is not] the only remedy under the federal writ of habeas corpus." *Id.* (alteration in original) (quotations and citations omitted).

This Court ordered the parties to submit briefs on the effect of this Order. (ECF No. 16)

## II. The Supreme Court Order Supports Mr. Osorio-Calderon's Arguments that this Court has Jurisdiction over his Habeas Claim.

At base, the parties' arguments regarding jurisdiction here are fairly simple. The Government argues that the Eighth Circuit bars "conditions-of-confinement" claims in the habeas context. (ECF No. 12, at 4-8) Mr. Osorio-Calderon argues that this is too narrow a view of Eighth Circuit precedent and, in any event, there is a jurisdictional carveout when the Government does not follow the law when deciding whether to approve transferring a prisoner to prerelease custody. (ECF No. 15, at 11-17) While the Supreme Court's Order does not mandate a certain outcome here as it was entered in the specific context of the Alien Enemies Act, its logic reinforces Mr. Osorio-Calderon's arguments because it recognizes both the multi-faceted nature of habeas jurisdiction, and the ability to tackle illegal applications of law using habeas.

First, in its response, the Government focuses on how Mr. Osorio-Calderon would spend as much time in BOP custody (whether in a prison or halfway house) if his Petition is granted as he would if it were not. Therefore, it is not a challenge to the validity or duration of his confinement, and his claim is outside of the "core" of habeas jurisdiction.

The Supreme Court's decision in *J.G.G.* instructs that while there may be a "core" of habeas claims, there are additional habeas claims seeking alternative forms of relief that are just as appropriate. The Supreme Court specifically counseled that "immediate physical release [is not] the only remedy under the federal writ of habeas corpus." *Id.* at 2 (alteration in original) (quotations and citations omitted). While Mr. Osorio-Calderon would remain in BOP custody even if his Petition is granted (in a halfway house rather than a prison), that is not dispositive. He is seeking a remedy other than immediate physical release, which the Supreme Court explicitly stated is allowed.

Second, parallels with the Supreme Court's reasoning regarding the level of review available under the Alien Enemies Act support the Eighth Circuit's jurisdictional carveout for habeas claims challenging a failure to follow the law. In its Order, the Supreme Court noted that although "judicial review under the [Alien Enemies Act] is limited," "[t]he detainees' rights against summary removal . . . are not currently in dispute," and they would have the opportunity to seek "judicial review as to questions of interpretation and constitutionality of the Act as well as whether he or she is in fact an alien enemy fourteen years of age or older." *Id.* at 3 (quotations and citation omitted). Just as those subject to the Alien Enemies Act can challenge whether they fall within its ambits (i.e., if they are an alien enemy who is at least 14 years old), the Eighth Circuit allows challenges to illegal applications of law (i.e., is the person eligible for the First Step Act and does the time remaining on the sentence equal the number of First Step Act earned time credits). Both of those arguments can be heard in the habeas context, and any discretionary nature of the

decision does not weigh against that (i.e., the Executive Branch's decision to remove the person under the Alien Enemy Act, or the BOP's decision of where to move the person once the First Step Act mandates a transfer).

Finally, even if this Court were to take an uncharitable view of the *J.G.G.* Order as far as the propriety of Mr. Osorio-Calderon's claim, the Order's scant, two sentence reasoning requiring habeas jurisdiction does not displace the Eighth Circuit's prior decisions or its recognized jurisdictional carveout. The *J.G.G.* Order is far afield and procedurally unusual; it would be a large and unfounded leap to extrapolate a foreclosing of the Eighth Circuit's prior decisions through this per curiam decision.[1]

## III. This Court Also has Jurisdiction Under Mandamus.

In addition, Mr. Osorio-Calderon reiterates that while this claim can be heard under habeas given Eighth Circuit precedent, even if the Court decides otherwise, jurisdiction exists under 28 U.S.C. § 1361. (ECF No. 15, at 17-20) As Mr. Osorio-Calderon has alternatively requested a writ of mandamus, and this is an extraordinary situation, the Court may construe the habeas petition as a petition for a writ of mandamus and order the BOP to transfer Mr. Osorio-Calderon per the requirements of the First Step Act.

***

For the reasons outlined in his briefing and the entire record, Mr. Osorio-Calderon asks the Court to grant his petition.

---

[1] This is particularly true given that Justice Barrett joined the Dissent in Part III.B. relating to habeas jurisdiction.

Respectfully submitted,

DATED: May 27, 2025

*s/ Trevor N. Parkes*

Trevor N. Parkes
Attorney ID No. 0402172
Counsel & Project Director, First Step Act Resource Center
National Association of Criminal Defense Lawyers
1660 L St NW, 12th Floor
Washington, DC 20036

*Appointed Counsel for Petitioner Jose Osorio-Calderon*