UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 25-cv-00398-LMP-DLM

JOSE OSORIO-CALDERON,

Petitioner,

v.

WARDEN, *FCI Sandstone*,

Respondent.

**RESPONDENT'S SUPPLEMENTAL BRIEF IN RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

The Supreme Court's recent per curiam decision in *Trump v. J.G.G.*, 145 S. Ct. 1003 (2025), does not change the fact that this Court lacks jurisdiction to review Petitioner Jose Osorio-Calderon's request to be moved into a Residential Reentry Center ("RRC"). Under Eighth Circuit precedent, moving to an RRC changes the *place* of an inmate's confinement but does not effectuate a *release* from that confinement. *J.G.G.* does not disturb the rule that habeas review extends only to petitions challenging the length or validity of confinement—not the place of confinement. For the reasons explained below and in Respondent's opening brief, the Court should therefore dismiss Osorio-Calderon's petition for lack of jurisdiction.

## ARGUMENT

Osorio-Calderon's challenge to the timing of his move to an RRC does not present this Court with a cognizable habeas claim. Respondent's jurisdictional argument is based on two related points, neither of which *J.G.G.* undermines.

*First*, RRCs are places of confinement within the Bureau of Prisons ("BOP"). Respondent's opening brief cited cases from and within the Eighth Circuit that announced

this basic principle. *See* Dkt. 12, at 2, 6-8. And "[i]n line with Eighth Circuit precedent, courts in this District have routinely considered prerelease custody—namely, placement at an RRC or on home confinement, *see* 18 U.S.C. § 3624(g)(2)—as a *place* of confinement." *Luque v. Fed. Bureau of Prison*, 2024 U.S. Dist. LEXIS 69190, at *8 (D. Minn. Mar. 5, 2024) (original emphasis) (collecting authority), *adopted*, 2024 U.S. Dist. LEXIS 68564 (D. Minn. Apr. 16, 2024). The detainees in *J.G.G.* were not in BOP custody or seeking transfers to different facilities. Accordingly, the Supreme Court's decision in *J.G.G.* does not invalidate this Court's prior cases holding that RRCs are places of confinement. Nor does *J.G.G.* invalidate the Eighth Circuit authority on which those cases rely.

*Second*, this Court's habeas jurisdiction is limited to challenges to the length or validity of a petitioner's confinement. *J.G.G.* does not expand that jurisdiction. The case arose in the context of immigration-related detention and not incarceration pursuant to a federal criminal conviction. 145 S. Ct. at 1005. The petitioners challenged whether they fell "within the category of removable alien enemies," which "necessarily impl[ied] the invalidity of their confinement and removal." *Id.* (citations and internal quotation marks omitted). Although the petitioners were not expressly seeking release from detention, the effect of their petitions was to indirectly pursue release by challenging the lawfulness of the reasons for their detention. *Id.* Thus, the Supreme Court held that the petitioners' claims were "within the 'core' of the writ of habeas corpus." *Id.*

In contrast, Osorio-Calderon's pursuit of RRC placement does not challenge his custody or imply that his continued confinement is invalid. All he wants is a different place of confinement and different conditions of confinement. Osorio-Calderon's reply in

support of the petition makes this point clear: he predicts he will have "substantially more freedom" at an RRC and will "work fulltime jobs and [be] permitted to leave for other activities such as visiting family, counseling, and recreation." Dkt. 15, at 12. The problem is that Osorio-Calderon concedes "[h]abeas relief is not available for challenges to a petitioner's 'conditions of confinement.'" *Id.* at 11 (quoting *Spencer v. Haynes*, 774 F.3d 467, 469-71 (8th Cir. 2014)). His petition fails as a matter of law given Eighth Circuit precedent and the decisions from this Court holding that a move to an RRCs merely changes the place and conditions of an inmate's confinement.

Just a few days ago (i.e., post-*J.G.G.*), this Court explained the contours of habeas review by relying on the same cases cited in Respondent's opening brief:

> The federal habeas statute, as relevant here, states that the writ of habeas corpus shall not extend to a prisoner unless he is in custody in violation of the Constitution or laws or treaties of the United States. In plain terms, habeas is limited to mistakes that affect the fact or duration of a prisoner's custody. As the Supreme Court has explained, the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and the traditional function of the writ is to secure release from illegal custody. Issues that concern only the conditions of a prisoner's confinement generally fall outside habeas, and a prisoner must raise them in a nonhabeas civil action.

*Walton v. Rardin*, No. 25-cv-1673 (NEB/DLM), ECF No. 6, at 2 (D. Minn. May 22, 2025) (cleaned up). The Court recommended dismissing Mr. Walton's petition because the public safety factor at issue "did not affect[] the fact or length of his custody." *Id.* at 3. The same result is required here. Osorio-Calderon's move to an RRC would not affect the fact or length of his custody and is not cognizable in habeas review.

Nothing in *J.G.G.* changes this result. True, the Supreme Court noted that "immediate physical release is not the only remedy under the federal writ of habeas

corpus." 145 S. Ct. at 1005 (citations, alterations, and internal quotation marks omitted). But that rule had already been in place for decades when the Eighth Circuit held that challenges to an inmate's conditions of confinement do not implicate the length or validity of that confinement. *See Spencer*, 774 F.3d at 469-70; *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996). Regardless, pursuing a move to an RRC is categorically different from the limited situations in which the Supreme Court has authorized habeas claims that do not seek release from custody. *See, e.g.*, *Nance v. Ward*, 597 U.S. 159 (2022) (challenge to death sentence would be cognizable to prevent execution); *Preiser v. Rodriguez*, 411 U.S. 475 (1973) (challenge to loss of good-conduct-time credits is cognizable even if restoring credits does not lead to immediate release); *Peyton v. Rowe*, 391 U.S. 54 (1968) (challenge to future consecutive sentence is cognizable even without seeking immediate release from current sentence). As Respondent's opening brief explained, granting Osorio-Calderon's petition would not lead to him spending any less time in BOP custody. Dkt. 12, at 5-8. That means Osorio-Calderon's petition does not present a habeas claim over which this Court can exercise subject matter jurisdiction.

## CONCLUSION

The Supreme Court's decision in *J.G.G.* does not solve the jurisdictional deficiency in Osorio-Calderon's petition. He is seeking a change in the place and conditions of his confinement, which is not cognizable in habeas review. Prior decisions from this Court have dismissed similar petitions for lack of jurisdiction, and *J.G.G.* does not require a change in approach.

Dated: May 28, 2025

LISA D. KIRKPATRICK
Acting United States Attorney

*s/ Trevor Brown*

BY: TREVOR C. BROWN
Assistant United States Attorney
Attorney ID Number 396820
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5600
trevor.brown@usdoj.gov