# EXHIBIT 3

United States District Court
District of Minnesota

SCANNED
JUL 15 2024
U.S. DISTRICT COURT MPLS

RECEIVED BY MAIL
JUL 15 2024
CLERK, U.S. DISTRICT COURT
MINNEAPOLIS, MINNESOTA

Darrell Smith,
Petitioner

v. Case. No. 24-cv-1551

B. Eischen, Warden
Respondent.

**Motion for "Leave of Court" to Add to "Show Cause" Due to Supreme Court Chevron Deference Ruling 06/28/2024**

Comes now Darrell Smith, pro se, seeking "leave of court" to add to his "show cause" brief filed last week within the time limits (28 days) as required by the Magistrate Judge. On June 28, 2024 the Supreme Court overturned the "Chevron Deference" upon which the BOP relied to claim that inmates were entitled to 365-FTC days as "non-discretionary," and all other days earned beyond that were subject to BOP discretion. Additionally, a new case within the Eighth Circuit ruled contrary to this judgment, Woodley v. Warden LEXIS 87521, No. 24-3053-JWL, D. of Kansas (May 2024), stating that FTCs earned toward home confinement **are not discretionary** given the plain reading of the First Step Act.

**Chevron Deference**

On June 28, 2024, a few days after Smith filed his "show cause" response, as requested, in Loper Bright Enterprises v. Rainmondo, S.Ct., Case No. 22-451 (June 28, 2024), the High Court ruled that "courts may not defer to an agency interpretation of the law simply because [the agency interprets the law to be ambiguous]." The Minnesota Court's reliance on "365-FTCs applied to supervised is all you get" from the court, and all other "earned FTCs" become a "condition of confinement," is a **BOP "Chevron Deference" claim.** Smith

requests that the court review the plain reading of the First Step Act and rule accordingly. There appear to be two arguments Smith can make to justify dismantling this "Chevron deference" claim regarding the "365-FTC non-discretionary" claim: (1) Combining 18 USC §3621(b) with 18 USC §3624(c)(2), and (2) Woodley v. Warden, D. of Kansas.

**Combining 18 USC §3621(b) With 18 §3624(c)(2)**

The Minnesota Court cites 18 USC §3621(b) as their basis for "upholding" the BOP's claim to a "Chevron deference" that inmates are due up to 365-FTC days on a "non-discretionary basis," and all FTCs beyond 365 FTC days are "discretionary" amounting to "conditions of confinement." This "claim" is best described by Judge Wright in Brown Jr. v. Kailis, LEXIS 92674, No. 21-cv-920 (PJS/ECW), D. Minn. Magistrate Judge Wright ruled the following is his R&R, which the District Judge accepted:

> "Section 3624 authorized the BOP to place prisoners in home confinement for 10 percent of the term of the prisoner's imprisonment or six months [Second Chance Act]. [under 18 USC §3624(c)(2)] the FSA **amended** that section **by adding** to "the extent practicable [the BOP **SHALL**] place prisoners...**on home confinement for the maximum amount of time permitted...**" The FSA did not, however, change the language of 18 USC §3624(c)(4) which provides that "nothing in this subsection shall be constructed to limit or restrict the authority of of the Director of the [BOP] under section §3621," which in turn provides that the BOP "**shall** designate the place of the prisoner's imprisonment." 18 USC §3624(c)(4), see also 18 USC §3621(b)..."

Please review the following statutory sections and tell Smith if Judge Wright has missed the statutory logic as he describes in his ruling:

1. **18 USC §3621(b)**: "the [BOP] **SHALL** designate the place of the prisoner's imprisonment..."
2. **18 USC §3624(c)(2)**: "The Director **SHALL**...place prisoners...**on home confinement for the maximum amount...**"
3. **18 USC §3624(c)(4)**: "Nothing in this subection [§3624] shall be construed to limit...the authority of the BOP..."

4. **18 §3621(b):** "Notwithstanding **any other provision of law,** a designation of a place of imprisonment under this subsection is not reviewable by any court..."

5. **18 §3624(g):** "Prerelease custody or Supervised Release...in the case of a prisoner...**who has earned time credits** under the risk and needs assessment...**in an amount that is EUQAL TO THE REMAINDER OF THE PRISONER'S IMPOSED TERM...**"

6. **18 §3624(c)(2) and 18 §3624(g)(10):** "The Director **SHALL...**place prisoners...**on home confinement for the maximum amount...**[18 USC §3624(g)(10)]**...Time limits inapplicable.** The time limits [for home confinement or prerelease custody] **SHALL NOT APPLY** to pre-release custody under this subsection [the subsection being §3624 - the First Step Act time credits as earned]..."

Note that Judge Wright quotes 18 §3624(c)(4) implying that this section gives the BOP "unlimited discretion" as to "conditions of imprisonment" even with no regard to the First Step Act. Yet, 18 USC §3621(b) has **multiple limits and restrictions** written into it reference restricting BOP authority relative to "conditions of confinement" being limited in part by the following.

1. Security designation;
2. Programmic needs;
3. Mental and medical needs;
4. Faith-based needs;
5. Court recommendations by sentencing judge;
6. Transfer requests to be closer to home;
7. BOP may designate **any available...**facility that meets minimum standards of health and habitability;

8. Resources of the facility;
9. Nature and circumstances of the offense;
10. History and characteristics of the prisoner;
11. Any statement by the court at sentencing concerning (a) the purposes for which the imprisonment was imposed, (b) any recommended penal facility as appropriate;
12. Any policy statement under Title 28, USSG 994(a)(2);
13. No favortism relative to high social or economic status;
14. "Any order, recommendation, or request by a sentencing court that a convicted person serve a term of imprisonment in a [RRC] facility shall have no binding effect on the authoirty of the BOP; **NOTWITHSTANDING**
15. **NOTWITHSTANDING ANY OTHER PROVISION OF LAW**, a designation of a place or imprisonment under this subsection is not reviewable by the court.

The above restrictions **limit the BOP's authority** in multiple ways, but specific to "facility designation," it is limited by the following:

1. **Security designation;** and
2. **"NOTWITHSTANDING ANY OTHER PROVISION OF THE LAW."**

The BOP cannot write their own laws - Congress does that. Thus, when Congress adopted the First Step Act, 18 USC §3624, then **any "SHALL" language included in 18 USC §3624** carries equal legal weight to 18 USC §3621(b) because "**notwithstanding any other provision of the law**" is a **TRUMP CARD.** And that "Trump Card" is 18 USC §3624(c)(2) and §3624(g) which states, plainly that the BOP **SHALL** designate prerelease custody and home confinment when FTCs **equal** the "**remainder** of the **IMPOSED** term" (18 USC §3624(g)) - those FTC designations **not being limited to** the Second Chance Act limits designated under 18 USC §3624(c)(2), being "10% of a sentence of 6 months, whichever is less" (18 USC §3624(g)(10)). It is logically inconsistent for Judge Wright to conclude that (a)

the BOP **SHALL** designate the **place of imprisonment** as trumping (§3621(b))
(b) "the BOP **SHALL**...place prisoners...on **home confinement for the maximum amount of time** (18 USC §3624(c)(2). Both laws were written by Congress, and both laws carry "**SHALLS.**" Two "**SHALLs**" in logic **do not equal a "discretion"** by the BOP, **especially since the** "first **SHALL,**" which Judge Wright implies trumps all other "**SHALLs,**", that is, 18 USC §3621(b) "...shall designate...," is **logically MODIFIED** by "**notwithstanding any other provision of law.**" Surely, the Minnesota court would agree that in a "non-Chevron" world, "any other provision of the law" would **encompass**, or allow, the "**SHALL**...place prisoners...on home?"

This "Chevron deference" idea that somehow 365-FTC days earned for supervised release is a "magic number" that allows no BOP discrection, and all other FTCs beyond 365 "are discretionary" is wrongful logic when (a) "behind bars", (b) RRC, (c) home confinement and (d) supervised release **all are forms of custody.** Via the First Step Act, FTCs are **earned at all levels of custody,** and no "earned FTC" has any greater "legal designation" over another FTC credit - they are all the same, they are all equal, regardless to which custody level they are applied. According to the Supreme Court "supervised release" is **another condition of confinement** (Jones v. Cunningham, 371 US 236 9 L Ed 2d 283 83 S.Ct. 373 92 ALR2d, No. 77 (1963)("...in addition to physical imprisonment there are other restraints on a man's liberty not shared by the public generally [referring to the custody level of 'supervised release.'])). Thus, the Minnesota court's designation that "conditions of confinement" are absoutely controlled by the BOP without giving deference to 18 USC §3624(c)(2) is an **abuse of discretion.** Smith has argued that had the BOP proerly applied his (a) earned FTCs and (b) imputed FTCs earned

on prerelease custody and supervised release, he'd already be on home confinement, subject to 18 USC §3624(g) with FTCs applied to the "**remainder of the IMPOSED term.**"

The bottom line is that under 18 USC §3621(b) the BOP

1. Only has absolute discretion to "conditions of confinement" subject to the limitations on this discretion mentioned in 18 §3621(b), one of those limitations being "**notwithstanding any other provision of law;** and that
2. "Other provision of law" is 18 USC §3624(c)(2) and 18 USC §3624(g)(10) which **clearly** codifies Congressional intent "**SHALL place** prisoners... on home confinement **for the maximum time**" that "maximum time" being further codified by 18 USC §3624(g)(10) and 18 USC §3624(g), i.e., until such (a) earned FTCs and (b) imputed FTCs equal the "**remainder of the IMPOSED** term."

**Woodley v. Warden**

In a court case in Kansas, in May, Judge Lungstrum agreed with the above "analysis" regarding whether the BOP is obligated to award FTC credits for home confinement and place inmates on home confinement once their FTCs equal "the remainder of the **IMPOSED** term." In Woodley v. Warden LEXIS 87521, No. 24-3053-JWL, D. of Kansas (May 2024), Judge Lungstrom ruled the following:

> "...Under a plain reading of this provision of the FSA, which includes the word "**shall**", the BOP is **required** to transfer a prisoner to pre-release custody or supervised release if the prisoner is "eligible" as determined under Subsection 3624(g) [when FTCS equal..."remainder of the **IMPOSED** term]...which remainder amount has been computed, and the prisoner has met certain benchmarks for assessed risk of recidivism...Respondent's excuse for delaying petitioner's transfer ...is that **bed space is not available...**no such condition concerning bed availability is included among prerelease custody...numerous courts have held that the BOP **has no discretion** to delay or refuse

transfer of an eligible prsoner to prerelease custody, **which transfer IS MANDATORY.** See e.g., Doe v. Federal Bur. of Prisons, 2024 US Dist. LEXIS 19755, 2024 WL 455309, at *1-4 (S.D.N.Y. Feb 5, 2024) (transfer was required despite the prisoner's participation in the witness protection program); Ramirez v. Phillips, 2023 US Dist LEXIS 228778, 2023 WL 8878993, at *4 (E.D. of Cal. Dec. 22, 2023) (agreeing with the interpretation that transfer to prerelease custody was **mandatory, BOP has no discretion not to transfer**); Komando v. Luna, 2023 US Dist LEXIS 11477, 2023 WL 310580, at *4-8 (D.N.H. Jan 13, 2023) (transfer to prerelease custody was required despite outstanding detainer; rejecting argument that the BOP had discretion to determine which prisoners were suitable for placement in prelrease custody...Jones v. Engleman, 2022 U.S. Dist LEXIS 185635, 2022 WL 6563744, at *9-13 (C.D. Cal. Sept 7, 2022)(transfer to prerelease custody was mandatory despite pending charges and argument that the prisoner was a flight risk)[**and many more cases sited**]..."

The question then becomes one of "eligibility" for home confinement or prerelease custody. Judge Lungstrum states it is when the FTCs earned euqal "the remainder of the **IMPOSED** term" (18 USC §3624(g)). Smith argued FTC equations which justify this FTC earnings model in his first filing counting FTCs earned (a) while imprisoned, (b) while on prerelease custody and (c) while on supervised release. As Smith explained in his first filing, the BOP **is counting FTCs in this manner** for those inmates serving 36-month sentences or less, but not for inmates, like Smith serving greater than 36-months. The BOP is doing it this way because they are using a "Chevron deference" argument to claim **they have no discretion up to 365-FTC days,** but do have discretion over FTCs issued beyond this date. The Minnesota court has ruled "in favor" of this Chevron Deference, requiring Smith to "justify" or "show cause" why his petition should not be dismissed. Now that "Chevron" is gone, Smith asks that court rule relative to other courts in this manner, and, now to the Kansas court, in their own "backyard" district.

**Computing FTCs Earned Over the Imposed Term**

Smith already argued this in his first filing. Here, he simply wants to remind the court that if inmates have a liberty interest in

computing FTCs for placement to prerelease custody, as Judge Lungstrum ruled in Kansas, then inmates like Smith **also have a liberty interest in the mathematical model the BOP adopts relative to qualifying that an inmate's FTCs equal** "the remainder of the **IMPOSED** term." Currently, the BOP has adopted a "dual FTC computation system" depending on whether the inmate is serving greater or less than 36-months.

**Computing "Remainder of Imposed Term"**

**System for Adding FTCs with 36-Months or Less Sentences:**

+ Time in Prison
+ FTCs Earned while behind bars
+ FTCs earned while on prerelease custody (includes Second Chance Act)
+ FTCs earned on supervised release (includes Second Chance Act)

= **Remainder of Imposed Term**
+ GTCs

= **IMPOSED TERM** = **spends about 46% of his or her time behind bars**

**System for Adding FTCs with Sentences Greater than 36-Months**

+ Time in Prison
+ FTCS earned while behind bars
+ **DENIED FTCS EARNED ON PRERELEASE CUSTODY (0)**
+ **DENIED FTCS EARNED ON SUPERVISED RELEASE (0)**

= **Remainder of Imposed Term**
+ GTCs

= **IMPOSED TERM** = **spends about 70% of his or her time behind bars**

Smith argues it is obviously discriminatory to compute FTCs for one class of prisoners versus another based solely on the length of one's sentence. If the courts were to accurately count FTCs (a) earned while behind bars, and (b) imputed, as earned, FTCs earned while on prerelease custody, then Smith would already be on home confinement. With the the Minnesota courts agreeing with the BOP's "Chevron Deference" that they are only obligated to show up to 365-FTCs, then the Minnesota Court is, by fiat, or lack of ruling (saying Smith should "show cause" - essentially denying Smith's habeas without considering his reasoned Habeas arguments) **agreeing that the BOP can discriminate** based on the "liberty interest" (a) centered around 365-FTC days, and (b) deny Smith has a "mandatory"

claim to FTCs earned toward prerelease custody when those FTCs equal "the remainder of his **IMPOSED** term." If this is still the case, following the "deafeat" of the "Chevron deference," then discrimination rules the day.

## Conclusion

Smith is filing this "addendum" to his original filing, being filed within the time allowed by the 28-response day as allowed by the Judge (Smith did not receive the Judge's order until June 10, 2024, and 28 days forward from that date encompasses the date of this filing), to supplement his "show cause" brief given the Supreme Court's ruling abandoning "Chevron deference." Smith argues the following:

1. **Chevron Deference** - the BOP used the "365-FTCs applied to supervised release" to claim they had "discretion" over FTCs earned beyond 365-FTC days. Based on the plain reading of the First Step Act statutes, no such discretion exists. The FSA statutes clearly read that the BOP **"shall place prisoners on home confinement."** Smith points out that 18 USC §3621, giving the BOP authority over placement of prisoners "wherever" is limited relative to the statute, one of limitations being "**notwithstanding any other law,**" that "other law" being 18 USC §3624(c)(2), 18 USC §3624(g) and 18 USC §3624(g)(10). Smith asks that the court grant his right to file a habeas corpus due to the now failed Chevron and interpret Smith's claim via the statutes only;
2. The court in Kansas, in Woodley v. Warden agrees with Smith's claim reference it being "manadatory to send an inmate to home confinement" once his or her FTCs equal "the remainder of the **IMPOSED** term." The Woodley ruling sails against the Minnesota Judge's ruling that the BOP has "discretion" over FTCs issued in excess of 365-FTC

days. Once FTCs equal the "remainder of the **IMPOSED** term," the Kansas court ruled that sending an inmate to home confinement is **mandatory - a liberty interest.**

The questions that Smith asks the court in Minnesota, which remains the questions here: (a) What math formula constitutes "remainder of **IMPOSED** term?" and (b) What is the definition of "earnings," whether "earnings" includes both (a) real-time earnings and (b) imputed earnings as the BOP is doing for those with sentences less than 36-months, or only (a) real-time earnings as the BOP is doing for Smith, and other sentences like his? If the court rules that "earnings" means only "real-time" earnings - FTCs earned only while in prison, then the Minnesota court is ruling against the BOP's (a) "FSA Final Rule" issued January 22, 2022, (b) BOP Policy 5410.01 issued November 18, 2022, and (c) the BOP's "FSA Handbook" issued November 18, 2023, **all of which state FTCs are earned** while imprisoned, on prerelease custody and on supervised release. Without "imputing FTCs as earned" while on the three forms of prerelease custody, then the BOP, with the court's blessing is denying Smith, and other inmates like him, serving sentences in excess of 36-months, FTC credits. Such FTC credits that are not "imputed" have no where to be "placed" - they go into "thin air" and Congress did not authorize the BOP to allow FTCs to "vanish" by mathematical gimmicks. Please accept Smith's habeas claims as submitted.

Signed this 3RD Day of July Year 2024

Signed By ______

Darrell D. Smith #16355-029
Federal Prison Camp
PO Box 1000
Duluth, MN 55814