UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| JOSE OSORIO-CALDERON, | Case No. 25-cv-398 (LMP/DLM) |
| Petitioner, | |
| v. | **ORDER REJECTING REPORT AND RECOMMENDATION AND DISMISSING HABEAS PETITION** |
| WARDEN FCI SANDSTONE, | |
| Respondent. | |

Trevor Parkes, **National Association of Criminal Defense Lawyers, Washington, D.C.**, for Petitioner.

Trevor Brown, **United States Attorney's Office, Minneapolis, MN**, for Respondent.

Petitioner Jose Osorio-Calderon ("Osorio-Calderon") brought this habeas petition under 28 U.S.C. § 2241, claiming that the Federal Bureau of Prisons ("BOP") is required to transfer him from prison to prerelease custody by applying his earned First Step Act ("FSA") time credits ("FTCs"). *See* ECF No. 6. United States Magistrate Judge Douglas L. Micko issued a Report & Recommendation ("R&R") recommending that the petition be granted and that Osorio-Calderon be transferred to prerelease custody. ECF No. 20. The Government objected to the R&R, ECF No. 21, and Osorio-Calderon responded to the Government's objections, ECF No. 22. On a de novo review of the petition and the record, Fed. R. Civ. P. 72(b)(3), the Court declines to adopt the R&R, sustains the Government's objections, and dismisses the petition.

1

## BACKGROUND

A federal court in the District of Puerto Rico sentenced Osorio-Calderon on January 30, 2018, to a 151-month term of imprisonment for coercion and enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b). ECF No. 13-1 at 2. He is presently incarcerated at the Federal Correctional Institution in Sandstone, Minnesota ("FCI-Sandstone"). ECF No. 13 ¶ 3. As a person who is sentenced to a term of federal imprisonment, Osorio-Calderon is committed to the BOP's custody until his sentence expires or he is entitled to earlier release for good conduct. *See* 18 U.S.C. § 3621(a).

Relevant here, the FSA requires the BOP to provide inmates opportunities to participate in needs-based programming. *See* 18 U.S.C. §§ 3621(h), 3632(d). Osorio-Calderon has participated in such programming, which has allowed him to earn FTCs. ECF No. 13 ¶¶ 5, 10. FTCs can be applied to shorten the time from an inmate's release date to their supervised release period, as well as their date for eligibility to be placed in home confinement or a residential reentry center ("RRC") before release. *See* 18 U.S.C. § 3632(d)(4).

As of April 2, 2025, Osorio-Calderon had earned 1,095 days of FTCs, ECF No. 13 ¶ 11, 365 of which could be applied to his early release, *see* ECF No. 13-5 at 21. Accordingly, Osorio-Calderon's original release date of July 3, 2027, became July 3, 2026, after applying 365 days of FTCs. ECF No. 13 ¶ 4. As for the remaining 730 days of time credit that Osorio-Calderon had earned, federal law provides that those FTCs "shall be applied toward time in prerelease custody." 18 U.S.C. § 3632(d)(4)(C). This process is implemented by the BOP which "shall transfer eligible prisoners . . . into prerelease

custody." *Id.* Accordingly, Osorio-Calderon was eligible to be transferred into prerelease custody on July 3, 2024. ECF No. 13-2 at 3.

Osorio-Calderon initially requested prerelease custody placement in New York, where his sister lives and where he hoped to complete his supervised release. *See* ECF No. 13 ¶ 5. However, in March 2024, U.S. Probation and Pretrial Services for the Northern District of New York rejected Osorio-Calderon's request for supervised release in New York because his sister's residence was "not suitable for supervision." ECF No. 13-6. The BOP then began looking for prerelease custody placements in Puerto Rico, but in November 2024, the BOP's Residential Reentry Manager field office in Puerto Rico rejected RRC placement there, claiming placement was not possible because of local ordinances related to sex offenders' proximity to locations with minors at nearby schools or daycare centers, which was found applicable to Osorio-Calderon's criminal offense. ECF No. 13-8. In April 2025, Osorio-Calderon's case manager again contacted the BOP's Residential Reentry Manager field office in Puerto Rico, which again rejected Osorio-Calderon's request for an RRC placement. ECF No. 13-9. Therefore, despite being eligible for prerelease custody in July 2024, Osorio-Calderon remains incarcerated at FCI-Sandstone. ECF No. 13 ¶ 3.

After unsuccessfully attempting to compel his transfer to prerelease custody through administrative channels, ECF No. 6 at 2–3, Osorio-Calderon brought this habeas petition, ECF No. 1, which he later amended, ECF No. 6. Osorio-Calderon asks this Court to review the BOP's failure to place him in prerelease custody based on his earned FTCs and order his immediate transfer to prerelease custody based on the FSA, or alternatively, issue a writ

3

of mandamus under 28 U.S.C. § 1361, requiring that the BOP transfer him to prerelease custody. *Id.* at 15–16. The Government contends that the Court lacks jurisdiction to review the BOP's decisions about an inmate's conditions and place of confinement. ECF No. 12 at 4–10. During briefing on the amended petition, Magistrate Judge Micko asked the parties to brief the significance of the Supreme Court's recent decision in *Trump v. J. G. G.*, 604 U.S. 670 (2025) (per curiam), and discuss "whether federal habeas law concerning place of confinement has changed, and if so, how the Court should apply it to the instant habeas petition." ECF No. 16. The parties provided that supplemental briefing. ECF Nos. 17, 18.

On June 18, 2025, Magistrate Judge Micko issued an R&R recommending that Osorio-Calderon's habeas petition be granted. ECF No. 20. The R&R recognizes that the Eighth Circuit has long held that federal courts lack jurisdiction to review BOP decisions regarding an inmate's placement in prerelease custody because such claims relate to an inmate's conditions and place of confinement. *Id.* at 8. The R&R concludes, however, that *J. G. G.* "complicate[d] —if not upend[ed]—this precedent concerning whether courts have jurisdiction to review habeas petitions that challenge a prisoner's place of confinement." *Id.* After reviewing the Supreme Court's decision in *J. G. G.*, the R&R concludes that the Court has jurisdiction to review Osorio-Calderon's claim "that the BOP should have, by statute, transferred him to prerelease custody sometime in 2024." *Id.* at 8–11. After finding jurisdiction, the R&R concludes that the FSA requires the BOP to transfer Osorio-Calderon to prerelease custody. *Id.* at 12–17. The Government timely objected to the R&R's

4

jurisdictional and merits conclusions, ECF No. 21, to which Osorio-Calderon responded, ECF No. 22.

## ANALYSIS

If a party timely raises objections to a magistrate judge's recommended disposition of a case, the presiding district judge must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. § 2241(a), (c)(3)). However, federal courts lack jurisdiction to hear some types of habeas claims. Relevant here, if an inmate "is not challenging the validity of his conviction or the length of his detention, such as loss of good time, then a writ of habeas corpus is not the proper remedy." *Kruger v. Erickson*, 77 F.3d 1071, 1073 (8th Cir. 1996). Accordingly, a federal district court lacks jurisdiction to consider challenges to an inmate's conditions or place of confinement. *See id.*; *Spencer v. Haynes*, 774 F.3d 467, 470 (8th Cir. 2014); *see also* 18 U.S.C. § 3621(b).

In line with this precedent, courts within this District have routinely held that federal courts lack jurisdiction over habeas petitions that seek to transfer an inmate to prerelease custody under the FSA. *See, e.g.*, *Williamson v. Eischen*, No. 23-cv-2165 (ECT/DLM), 2024 WL 4151497, at *3–4 (D. Minn. Aug. 12, 2024) (explaining that "the Eighth Circuit

5

views requests for transfer to an RRC as challenges to a prisoner's *place* of confinement" and that "a writ of habeas corpus is not the proper remedy" for such claims), *report and recommendation adopted*, 2024 WL 4151331 (D. Minn. Sept. 11, 2024); *Gallop v. Segal*, No. 24-cv-1357 (JWB/DTS), 2024 WL 2946249, at *2 (D. Minn. May 14, 2024), *report and recommendation adopted*, 2024 WL 2943796 (D. Minn. June 11, 2024); *Martinez v. Eischen*, No. 23-cv-3178 (PJS/DLM), 2023 WL 7389935, at *1–2 (D. Minn. Oct. 18, 2023), *report and recommendation adopted*, 2023 WL 7388354 (D. Minn. Nov. 8, 2023); *Vang v. Eischen*, No. 23-cv-721 (JRT/DLM), 2023 WL 5417764, at *4 (D. Minn. Aug. 1, 2023), *report and recommendation adopted*, 2023 WL 5403793 (D. Minn. Aug. 22, 2023). That is because prerelease custody is not a *release* from custody; rather, prerelease custody is still a place of confinement. *See United States v. Houck*, 2 F.4th 1082, 1085 (8th Cir. 2021); *Williams v. Birkholz*, No. 20-cv-2190 (ECT/LIB), 2021 WL 4155614, at *6 (D. Minn. July 19, 2021) ("Being transferred to home confinement is not a 'release' [from] incarceration."), *report and recommendation adopted*, 2021 WL 4155013 (D. Minn. Sept. 13, 2021).

The R&R acknowledges this line of case law and recognizes that it would ordinarily doom Osorio-Calderon's petition. ECF No. 20 at 8. However, the R&R concludes that the Supreme Court's recent decision in *J. G. G.* upended this line of case law and authorizes this Court to exercise jurisdiction over Osorio-Calderon's petition. *Id.* at 8–11.

In *J. G. G.*, the Supreme Court addressed the proper mechanism for detained noncitizens to challenge the government's decision to deport them under the Alien Enemies Act ("AEA"). 604 U.S. at 671–72. In a short per curiam order, the Supreme Court held

6

that challenges to a detained noncitizen's removal under the AEA "must be brought in habeas." *Id.* at 672. The Supreme Court explained that "[r]egardless of whether the detainees formally request release from confinement, because their claims for relief necessarily imply the invalidity of their confinement and removal under the AEA, their claims fall within the core of the writ of habeas corpus and thus must be brought in habeas." *Id.* (citation modified). The Supreme Court then explained that "immediate physical release [is not] the only remedy under the federal writ of habeas corpus," noting that habeas is the proper vehicle to challenge one's death sentence or the enforcement of a verdict in federal court with a term of incarceration in a state prison. *Id.* (alteration in original) (first quoting *Peyton v. Rowe*, 391 U.S. 54, 67 (1968), then citing *Nance v. Ward*, 597 U.S. 159, 167 (2022); *In re Bonner*, 151 U.S. 242, 254 (1894)).

The R&R takes a "broad view of the per curiam opinion in *J. G. G.*" and concludes that "petitioning for a writ of habeas corpus is the right vehicle to challenge the federal government's decision to transfer a person in their custody to a different location." ECF No. 20 at 10. The R&R recognizes that such a challenge was to Osorio-Calderon's "place of confinement," but concludes that *J. G. G.* now allows such challenges to proceed in federal court. *Id.*

With due respect for the R&R's thoughtful analysis, this Court disagrees. District courts in the Eighth Circuit are duty bound to follow precedential decisions of the Eighth Circuit. *See Hood v. United States*, 342 F.3d 861, 864 (8th Cir. 2003). "Where a precedent . . . has direct application in a case, [courts] should follow it, even if a later decision arguably undermines some of its reasoning." *Bierman v. Dayton*, 900 F.3d 570,

574 (8th Cir. 2018) (citing *Agostini v. Felton*, 521 U.S. 203, 237 (1997)). District courts are therefore bound by Eighth Circuit decisions "until and unless the Supreme Court (or the circuit court sitting *en banc*) says otherwise," even if it appears that such a decision "conflicts with Supreme Court precedent." *Valspar Corp. v. PPG Indus., Inc.*, No. 16-cv-1429 (SRN/SER), 2017 WL 3382063, at *3 (D. Minn. Aug. 4, 2017) (collecting cases). That leaves to the Eighth Circuit the prerogative of overruling its own decisions. *See Agostini*, 521 U.S. at 237.

      Here, as courts in this District have routinely held, the Eighth Circuit's decisions in *Kruger* and *Spencer* require dismissal of habeas petitions that seek an inmate's transfer to prerelease custody under the FSA because those petitions impermissibly raise a challenge to an inmate's place of confinement. *See, e.g.*, *Williamson*, 2024 WL 4151497, at *3–4; *Gallop*, 2024 WL 2946249, at *2; *Martinez*, 2023 WL 7389935, at *1–2; *Vang*, 2023 WL 5417764, at *4. Is it possible that *J. G. G.* upended the "place of confinement" rule for habeas petitions that seek an inmate's transfer to prerelease custody under the FSA? Potentially. But the habeas claim in *J. G. G.* arose in a completely different factual and legal context: a challenge to civil immigration detention under an eighteenth-century immigration law. *See J. G. G.*, 604 U.S. at 671. The habeas claim here, in contrast, challenges a criminal incarceration based on a twenty-first century criminal sentencing law. So, even if *J. G. G.* "arguably undermines" the reasoning of *Kruger* and *Spencer*, there is no question that those criminal habeas cases have "direct application" to this case. *Bierman*, 900 F.3d at 574. Until the Eighth Circuit or the Supreme Court say otherwise, this Court must follow *Kruger* and *Spencer* (and the wealth of other case law in this

8

District) and hold that the Court is without jurisdiction to consider Osorio-Calderon's petition.[1]

The R&R alternatively concludes that if *J. G. G.* does not furnish jurisdiction to consider Osorio-Calderon's petition, then the Court has jurisdiction to consider the petition because it alleges that BOP "violated federal law by failing to transfer an imprisoned person," as mandated by the FSA. ECF No. 20 at 11–12. The R&R's analysis proceeds as follows: because the FSA, through its mandatory language, requires the BOP to transfer Osorio-Calderson to prerelease custody when he becomes eligible, *see* 18 U.S.C. § 3632(d)(4)(C), and because federal courts have jurisdiction over habeas petitions that allege violations of federal law, *see Fults v. Sanders*, 442 F.3d 1088, 1088–89 (8th Cir. 2006), the BOP's failure to transfer Osorio-Calderon into prerelease custody is a violation of federal law that provides this Court with jurisdiction over his habeas petition.

It is undisputed, though, that a habeas petition which seeks transfer to prerelease custody is a challenge to the petitioner's place of confinement. *See Houck*, 2 F.4th at 1085. And 18 U.S.C. § 3621(b) provides that "*[n]otwithstanding any other provision of law*, a designation of a place of imprisonment under this subsection is not reviewable by any court." (Emphasis added). That means that "notwithstanding" the mandatory language in

---

[1]   The Government cites *Smith v. Eischen*, a recent four-sentence, unpublished Eighth Circuit opinion that dismissed on mootness grounds a habeas petitioner's claim that his time credits had been incorrectly calculated. ECF No. 23 (citing No. 24-3575, 2025 WL 2319149, at *1 (8th Cir. Aug. 12, 2025)). It is unclear how *Smith* is relevant, as this case has nothing to do with the mootness doctrine. Nor did *Smith* explicitly discuss *J. G. G.* or the Eighth Circuit's place-of-confinement case law. Although the Government attempts to conjure an implied jurisdictional holding from what *Smith* does not say, what *Smith* actually says has little relevance to this case.

the FSA requiring transfer to prerelease custody, the BOP's decision to continue Osorio-Calderon's confinement at FCI-Sandstone is "not reviewable by any court." *See Crowe v. Fed. Bureau of Prisons*, No. 24-cv-3582 (APM), 2025 WL 1635392, at *21 (D.D.C. June 9, 2025) (explaining that Section 3632(d)(4)(C) "does not displace the statutory discretion that the BOP has to designate a place of imprisonment" under Section 3621(b)).  Unless and until the Eighth Circuit decides that a habeas petition that seeks transfer to prerelease custody is *not* merely a challenge to the petitioner's place of confinement, Section 3621(b) appears to divest the Court of jurisdiction to consider Osorio-Calderon's petition.

Finally, Section 3621(b) forecloses Osorio-Calderon's alternative argument that he is entitled to an order that the BOP transfer him to prerelease custody under the federal mandamus statute.  ECF No. 6 at 16.[2]  Pursuant to 28 U.S.C. § 1361, a federal district court has original jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  Mandamus may issue under Section 1361 against an officer of the United States only in "extraordinary situations" and when the plaintiff can establish: (1) a clear and indisputable right to the relief sought; (2) the officer has a nondiscretionary duty to honor that right; and (3) there is no other adequate remedy.  *Mitchael v. Colvin*, 809 F.3d 1050, 1054 (8th Cir. 2016).

Here, Osorio-Calderon lacks a right to the relief sought because, again, Section 3621(b) and Eighth Circuit precedent provide that BOP's placement decisions—such as

---

[2]  Because the R&R recommends granting Osorio-Calderon's habeas petition, it does not address Osorio-Calderon's alternative argument that he is entitled to mandamus relief.

10

the decision to transfer an inmate to prerelease custody—are "not reviewable by any court." *See Barnes v. Segal*, No. 23-cv-0939 (JRT/DLM), 2024 WL 418695, at *4 (D. Minn. Jan. 16, 2024), *report and recommendation adopted*, 2024 WL 416400 (D. Minn. Feb. 5, 2024). Section 3621(b)'s bar on judicial review applies regardless of the cause of action asserted. *See Ohio ex rel. Bristow v. Dir.*, No. 2:13-cv-614, 2013 WL 5408440, at *3 (S.D. Ohio Sept. 25, 2013) (applying Section 3621(b)'s bar on judicial review to a mandamus action). Osorio-Calderon is therefore not entitled to a writ of mandamus.

The Court empathizes with Osorio-Calderon, who has worked to accrue a significant number of FTCs, only to be met with bureaucratic finger-pointing that has kept him incarcerated at FCI-Sandstone—now for more than a year after he has been conditionally eligible for prerelease. It is not only a shame for Osorio-Calderon, but also for the criminal justice system, which is benefited by structured prerelease programs that facilitate an inmate's return to the community, thereby reducing recidivism and increasing the likelihood of their successful reintegration as a member of society. *See, e.g.*, 28 C.F.R. § 570.20. Although the Court is without authority to grant Osorio-Calderon his requested relief and recognizes the unique placement challenges for convicted sex offenders, the Court sincerely hopes that the BOP will work diligently and expeditiously to locate a suitable prerelease custody placement for Osorio-Calderon.

## CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Government's Objections to the R&R (ECF No. 21) are **SUSTAINED**;

2. The R&R (ECF No. 20) is **REJECTED**; and

3. The amended petition (ECF No. 6) is **DISMISSED WITHOUT PREJUDICE**.

Dated: September 19, 2025
                                             *s/Laura M. Provinzino*
                                             Laura M. Provinzino
                                             United States District Judge